# EXHIBIT A

**The Clerk's Office will be closed on Monday, September 21st, for Yom Kippur**

**Is your court hearing being held via Zoom? Learn more about Remote Court Hearings by Zoom (/GeneralInformation/Miscellaneous#RemoteHearingsbyZoom)**

**HIDE NOTICES**

BRENDA D. FORMAN
CLERK OF THE COURTS
browardclerk.org BROWARD COUNTY, FLORIDA

Menu

# Case Detail - Public

Print

**Andrea Howard-ringe Plaintiff vs. PrimeFlight Aviation Services, Inc. Defendant**

**Broward County Case Number:** CACE26006732
**State Reporting Number:** 062026CA006732AXXXCE
**Court Type:** Civil
**Case Type:** Neg - Premises Liability Commercial
**Incident Date:** N/A
**Filing Date:** 04/23/2026
**Court Location:** Central Courthouse
**Case Status:** Active
**Magistrate Id / Name:** N/A
**Judge ID / Name:** Bowman, John B

Party(ies) Total: 2

| Party Type | Party Name | Address | Attorneys / Address ★ Denotes Lead Attorney |
|---|---|---|---|
| Plaintiff | **Howard-ringe, Andrea** | | ★ Battaglia, Nicholas Giovanni<br>Retained<br>Bar ID: 1018467<br>Book it Law, PLLC<br>18459 Pines Blvd # 427<br>Pembroke Pines, FL 33029<br>**Status: Active**<br><br>Polonsky, Aaron Moshe<br>Retained<br>Bar ID: 1064526<br>66 W. Flagler St., Suite 900 -#1284 Miami, FL<br>Miami, FL 33130<br>**Status: Active** |
| Defendant | **PrimeFlight Aviation Services, Inc.** | | ★ Dahl, Patrick K<br>Retained<br>Bar ID: 084109<br>Morgan & Atkins, PLLC<br>501 E Las Olas Blvd Ste 300<br>Fort Lauderdale, FL 33301-2882<br>**Status: Active** |

## Disposition(s)

Total: 0

| Date | Statistical Closure(s) |
|---|---|

| Date | Disposition(s) | View / Pages |
|---|---|---|

## Event(s) & Document(s)

Total: 13

| Date | Description | Additional Text | View / Pages |
|---|---|---|---|
| 09/11/2026 | **Certificate of Service** | | /2 |

| Date | Description | Additional Text | View / Pages |
|---|---|---|---|
| 07/28/2026 | **Motion to Strike** | Party: *Plaintiff* Howard-ringe, Andrea | /9 |
| 07/16/2026 | **Notice of Appearance** | Party: *Defendant* PrimeFlight Aviation Services, Inc. | /2 |
| 07/16/2026 | **Answer & Affirmative Defenses** | | /12 |
| 06/17/2026 | **Waiver of Service of Process** | Party: *Plaintiff* Howard-ringe, Andrea | /5 |
| 06/03/2026 | **Uniform Case Management Order - General** | | /11 |
| 05/18/2026 | **Agreed Order** | | /2 |
| 05/14/2026 | **Motion to Quash** | RETURN OF SERVICE OF PROCESS AND FOR ISSUANCE OF ALIAS SUMMONS Party: *Plaintiff* Howard-ringe, Andrea | /5 |
| 05/04/2026 | **Summons Returned Served** | PrimeFlight Aviation Services, Inc., 29th day of April, 2026 at 10:30 am | /2 |
| 04/24/2026 | **eSummons Issuance** | Party: *Defendant* PrimeFlight Aviation Services, Inc. | /1 |
| 04/23/2026 | **Civil Cover Sheet** | Amount: $75,001.00 | /3 |
| 04/23/2026 | **Complaint (eFiled)** | | /7 |
| 04/23/2026 | **Per AOSC20-23 Amd12, Case is determined General** | | |

**−** Hearing(s) Total: 0

**There is no Hearing information available for this case.**

**−** Related Case(s) Total: 0

**There is no related case information available for this case.**

## Brenda D. Forman

### Clerk of Court

Broward County
17th Judicial Circuit

MORE ABOUT THE CLERK (HTTPS://WWW.BROWARDCLERK.ORG/ABOUTUS/ABOUTTHEOFFICE#ABOUTTHECLERK) ›

Find us on Facebook (https://www.facebook.com/browardclerkofcourts/)

## Connect with Us

COURTHOUSE LOCATIONS (HTTPS://WWW.BROWARDCLERK.ORG/ABOUTUS/HOURSANDLOCATIONS#COURTHOUSELOCATIONS)

CONTACT US (HTTPS://WWW.BROWARDCLERK.ORG/ABOUTUS/ABOUTTHEOFFICE#CONTACTUS) »

DISCLAIMER AGREEMENT (HTTPS://WWW.BROWARDCLERK.ORG/GENERALINFORMATION/MISCELLANEOUS#DISCLAIMERAGREEMENT)

CLERK DIRECTORY (HTTPS://WWW.BROWARDCLERK.ORG/ABOUTUS/HOURSANDLOCATIONS#CLERKDIRECTORY) »

TELL US WHAT YOU THINK (HTTPS://WWW.BROWARDCLERK.ORG/MISCELLANEOUS/CLERKSURVEYS) ›

## Accessibility & Support

ADA NOTICE (HTTPS://WWW.BROWARDCLERK.ORG/GENERALINFORMATION/MISCELLANEOUS#ADA)

PRINT

FREQUENTLY ASKED QUESTIONS (HTTPS://WWW.BROWARDCLERK.ORG//WEB2/CASESEARCHECA/FREQUENTQUES[illegible]/)

GLOSSARY OF TERMS (HTTPS://WWW.BROWARDCLERK.ORG//WEB2/CASESEARCHECA/GLOSSARY/) »

## Main Courthouse Location

201 SE 6th Street

Fort Lauderdale
Florida, US 33301
Phone: (954) 831-6565

PUBLIC RECORDS CUSTODIAN
(HTTPS://WWW.BROWARDCLERK.ORG/GENERALINFORMATION/MISCELLANEOUS#PUBLICRECORDSCUSTODIAN) ›
*PURSUANT TO 119.12(2), F.S.*

PUBLIC ACCESS TO JUDICIAL RECORDS
(HTTPS://WWW.BROWARDCLERK.ORG/GENERALINFORMATION/MISCELLANEOUS#JUDICIALRECORDRULE) ›
*PURSUANT TO RULE 2.420*

Under Florida law, email addresses are public records. If you do not want your email address released in response to a public records request, do not send electronic mail to this entity.
Instead, contact this office by phone or in writing.
© 2026 - All rights reserved

1

**FORM 1.997. CIVIL COVER SHEET**

The civil cover sheet and the information contained in it neither replace nor supplement the filing and service of pleadings or other documents as required by law. This form must be filed by the plaintiff or petitioner with the Clerk of Court for the purpose of reporting uniform data pursuant to section 25.075, Florida Statutes. (See instructions for completion.)

---

**I. CASE STYLE**

IN THE CIRCUIT/COUNTY COURT OF THE SEVENTEENTH JUDICIAL CIRCUIT,
IN AND FOR BROWARD COUNTY, FLORIDA

Andrea Howard-Ringe
Plaintiff

Case # ________________
Judge ________________

vs.
PrimeFlight Aviation Services, Inc.
Defendant

---

**II. AMOUNT OF CLAIM**

Please indicate the estimated amount of the claim, rounded to the nearest dollar. The estimated amount of the claim is requested for data collection and clerical processing purposes only. The amount of the claim shall not be used for any other purpose.

☐ $8,000 or less
☐ $8,001 - $30,000
☐ $30,001- $50,000
☐ $50,001- $75,000
☒ $75,001 - $100,000
☐ over $100,000.00

**III. TYPE OF CASE** (If the case fits more than one type of case, select the most definitive category.) If the most descriptive label is a subcategory (is indented under a broader category), place an x on both the main category and subcategory lines.



NOT AN OFFICIAL COPY - CCIS - ATTORNEY OF RECORD

**CIRCUIT CIVIL**

☐ Condominium
☐ Contracts and indebtedness
☐ Eminent domain
☐ Auto negligence
☒ Negligence—other
    ☐ Business governance
    ☐ Business torts
    ☐ Environmental/Toxic tort
    ☐ Third party indemnification
    ☐ Construction defect
    ☐ Mass tort
    ☐ Negligent security
    ☐ Nursing home negligence
    ☐ Premises liability—commercial
    ☐ Premises liability—residential
☐ Products liability
☐ Real Property/Mortgage foreclosure
    ☐ Commercial foreclosure
    ☐ Homestead residential foreclosure
    ☐ Non-homestead residential foreclosure
    ☐ Other real property actions

☐Professional malpractice
    ☐ Malpractice—business
    ☐ Malpractice—medical
    ☐ Malpractice—other professional
☐ Other
    ☐ Antitrust/Trade regulation
    ☐ Business transactions
    ☐ Constitutional challenge—statute or ordinance
    ☐ Constitutional challenge—proposed amendment
    ☐ Corporate trusts
    ☐ Discrimination—employment or other
    ☐ Insurance claims
    ☐ Intellectual property
    ☐ Libel/Slander
    ☐ Shareholder derivative action
    ☐ Securities litigation
    ☐ Trade secrets
    ☐ Trust litigation

**COUNTY CIVIL**

☐ Small Claims up to $8,000
☐ Civil
☐ Real property/Mortgage foreclosure

NOT AN OFFICIAL COPY - CCIS - ATTORNEY OF RECORD

☐ Replevins
☐ Evictions
  ☐ Residential Evictions
  ☐ Non-residential Evictions
☐ Other civil (non-monetary)

## COMPLEX BUSINESS COURT

This action is appropriate for assignment to Complex Business Court as delineated and mandated by the Administrative Order. Yes ☐ No ☒

**IV. REMEDIES SOUGHT** (check all that apply):
☒ Monetary;
☐ Nonmonetary declaratory or injunctive relief;
☐ Punitive

**V. NUMBER OF CAUSES OF ACTION:** [ ]
(Specify)

2

**VI. IS THIS CASE A CLASS ACTION LAWSUIT?**
☐ yes
☒ no

**VII. HAS NOTICE OF ANY KNOWN RELATED CASE BEEN FILED?**
☒ no
☐ yes If "yes," list all related cases by name, case number, and court.

**VIII. IS JURY TRIAL DEMANDED IN COMPLAINT?**
☐ yes
☒ no

**IX. DOES THIS CASE INVOLVE ALLEGATIONS OF SEXUAL ABUSE?**
☐ yes
☒ no

I CERTIFY that the information I have provided in this cover sheet is accurate to the best of my knowledge and belief, and that I have read and will comply with the requirements of Florida Rule of Judicial Administration 2.425.

Signature: s/ Aaron Polonsky  Fla. Bar # 1064526
Attorney or party  (Bar # if attorney)

Aaron Polonsky  04/23/2026
(type or print name)  Date

NOT AN OFFICIAL COPY - CCIS - ATTORNEY OF RECORD

2

**IN THE CIRCUIT COURT OF THE 17TH JUDICIAL CIRCUIT IN AND FOR BROWARD COUNTY, FLORIDA**

CASE NO.

Andrea Howard-Ringe,
an individual,

Plaintiff,

v.

PRIMEFLIGHT AVIATION SERVICES, INC.,
Foreign Profit Corporation.

Defendant.
_______________________________________/

**COMPLAINT**

NOT AN OFFICIAL COPY - CCIS - ATTORNEY OF RECORD

COMES NOW Plaintiff, ANDREA HOWARD-RINGE ("Plaintiff"), by and through undersigned counsel, hereby files suit against Defendant PRIMEFLIGHT AVIATION SERVICES, INC., ("Defendant"), and alleges as follows:

**PARTIES, JURISDICTION, AND VENUE**

1. This is an action for damages in excess of $50,000.00, excluding interest, costs, and attorney's fees, and is therefore within the jurisdiction of this Court.

2. Plaintiff, ANDREA HOWARD-RINGE, is at all times relevant to this lawsuit, is over the age of 18, and is otherwise sui juris.

3. Defendant, PRIMEFLIGHT AVIATION SERVICES, INC., is at all times relevant to this lawsuit a Foreign Profit Corporation authorized to do business in the State of Florida.

4. At all material times, Defendant conducted substantial business activities within Broward County in the State of Florida at Fort Lauderdale-Hollywood International Airport



*** FILED: BROWARD COUNTY, FL BRENDA D. FORMAN, CLERK 04/23/2026 11:00:55 AM.****

("FLL"), located at 100 Terminal Dr, Fort Lauderdale, FL 33315, including providing wheelchair assistance services.

5. Venue is proper in Broward County, Florida as the cause of action accrued within Broward County, Florida.

**FACTUAL ALLEGATIONS**

NOT AN OFFICIAL COPY – CCIS – ATTORNEY OF RECORD

6. On or about April 21, 2025, Plaintiff was lawfully and innocuously present in the security screening queue at FLL.

7. At that time and location and at all material times, an employee and/or agent of Defendant ("Employee") was operating a wheelchair in the course and scope of their employment with Defendant.

8. Employee negligently, carelessly, and recklessly operated the wheelchair by pushing it at an excessive speed, without proper lookout, and without issuing any verbal warning to persons in the crowded queue.

9. As a direct and proximate result of Defendant's negligence, the wheelchair operated by Employee forcefully struck Plaintiff, causing her to be violently propelled backward into a fixed metal pole and to the ground.

10. The incident was foreseeable and entirely preventable – the Transportation Security Administration ("TSA") security queue at FLL is a high-density pedestrian area requiring heightened caution in the operation of mobility equipment.

11. At all material times, Defendant owed a duty to the public to properly train, supervise, and oversee its wheelchair assistance personnel to ensure the safe operation of mobility equipment in crowded pedestrian environments.

12. As a direct result of the incident, Plaintiff experienced significant pain, which persisted throughout her flight home and intensified thereafter.

13. On or about April 22, 2025, Plaintiff was forced to miss work due to her injuries. Since that time, her condition has progressively worsened, materially impairing her ability to work and function.

14. Because of the incident, Plaintiff has suffered from, and is currently suffering from, unbearable and debilitating pain, including in her shoulder, neck, back, hip, and buttocks, as well as headaches, anxiety, and depression.

15. Because of the incident, Plaintiff has suffered lost wages and diminished quality of life, independence, and earning capacity, and will continue to incur same.

16. Because of the incident, Plaintiff has incurred substantial past medical expenses and will continue to incur significant future medical costs.

17. Defendant's acts, omissions, and/or negligence were the direct and proximate cause of Plaintiff's injuries and damages.

NOT AN OFFICIAL COPY - OCIS - ATTORNEY OF RECORD

**COUNT I – NEGLIGENCE**

18. Plaintiff repeats and realleges the allegations set forth in paragraphs 1 through 17 as if fully set forth herein.

19. At all material times, Defendant, owed a duty of reasonable care to Plaintiff and all others lawfully present in the TSA queue, and a duty to exercise a high standard of care and vigilance.

20. At all material times hereto, Defendant, its employees, servants, and/or agents, breached the duties owed to Plaintiff in one or more of the following ways:

a. Operating the wheelchair at an unsafe speed in a crowded area;
b. Failing to maintain a proper lookout for pedestrians;
c. Failing to give verbal or other warnings before proceeding through the queue;
d. Otherwise acting in a careless and negligent manner under the circumstances.

NOT AN OFFICIAL COPY – CCIC – ATTORNEY OF RECORD

21. Defendant knew or should have known that its wheelchair assistance personnel operated in crowded and high-risk areas such as airport TSA queues, and that improper operation of wheelchairs in such areas posed a foreseeable risk of serious injury to passengers.

22. As a direct and proximate result of Defendant's negligence, Plaintiff sustained severe and permanent injuries, past and future medical expenses, lost wages, loss of future earning capacity, and caregiving expenses, and has suffered and will continue to suffer significant pain and suffering, disability, disfigurement, mental anguish, loss of capacity for the enjoyment of life, caregiving expenses, and other non-economic damages.

WHEREFORE, Plaintiff ANDREA HOWARD-RINGE demands judgment against Defendant PRIME FLIGHT AVIATION SERVICES, INC. for compensatory damages, costs, and such other relief as this Court deems just and proper.

**<u>COUNT II – (Negligent Training, Supervision, and Retention)</u>**

23. Plaintiff repeats and realleges the allegations set forth in paragraphs 1 through 17 as if fully set forth herein.

24. At all material times, Defendant, owed a duty of reasonable care to Plaintiff and all others lawfully present in the TSA queue, and a duty to exercise a high standard of care and vigilance.

25. Defendant had a direct and independent duty to properly train, supervise, and oversee its wheelchair assistance personnel, including Employee, to ensure their safe and competent operation of wheelchairs and other mobility equipment in airport environments.

26. Defendant breached its duties by:

a. Failing to properly train its wheelchair assistance personnel on safe operational practices, including speed control, hazard awareness, and crowd navigation;

b. Failing to implement and enforce adequate safety protocols for the operation of wheelchairs in high-density pedestrian areas such as TSA queues;

c. Failing to adequately supervise and monitor the conduct of its wheelchair assistance employees;

d. Negligently entrusting mobility equipment to personnel who were unqualified or inadequately trained to operate such equipment safely.

27. Defendant knew or should have known that its wheelchair assistance personnel operated in crowded and high-risk areas such as airport TSA queues, and that improper operation of wheelchairs in such areas posed a foreseeable risk of serious injury to passengers.

28. As a direct and proximate result of Defendant's negligence, Plaintiff sustained severe and permanent injuries, past and future medical expenses, lost wages, loss of future earning capacity, and caregiving expenses, and has suffered and will continue to suffer significant pain

NOT AN OFFICIAL COPY - CCIS - ATTORNEY OF RECORD

and suffering, disability, disfigurement, mental anguish, loss of capacity for the enjoyment of life, caregiving expenses, and other non-economic damages.

WHEREFORE, Plaintiff ANDREA HOWARD-RINGE demands judgment against Defendant PRIME FLIGHT AVIATION SERVICES, INC. for compensatory damages, costs, and such other relief as this Court deems just and proper.

NOT AN OFFICIAL COPY - CCIS - ATTORNEY OF RECORD

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff, Andrea Howard-Ringe, respectfully requests that this Court enter judgment against Defendant PRIMEFLIGHT AVIATION SERVICES, INC., and award Plaintiff the following relief:

A. Past and future medical expenses, including the cost of necessary surgical intervention;

B. Past lost wages and loss of future earning capacity;

C. Compensatory damages for pain and suffering, disability, disfigurement, mental anguish, loss of capacity for the enjoyment of life, both past and future;

D. Cost of suit;

E. Prejudgment interest where applicable;

F. Such other and further relief as this Court deems just and appropriate.

**REQUEST FOR TRIAL BY JURY**

Plaintiff requests a trial by jury on all issues so triable.

Respectfully submitted this 23rd day of April, 2026.

**Rosenfeld Law Group, PLLC**
2719 Hollywood Blvd.
#A-2086
Hollywood, FL 33021

Tel: 754-764-1400
Fax: 954-272-8343
*Attorneys for Plaintiff*

By: /s/ Aaron M. Polonsky
Aaron M. Polonsky, Esq.
Florida Bar No. 1064526
Email:
apolonsky@therosenfeldlawgroup.com

Secondary emails:
intake@therosenfeldlawgroup.com

By: /s/Nicholas Battaglia
Nicholas Battaglia
Florida Bar No. 1018467

Primary E-mail:
nbattaglia@therosenfeldlawgroup.com

NOT AN OFFICIAL COPY - CCIS - ATTORNEY OF RECORD

3

**IN THE CIRCUIT COURT OF THE 17TH JUDICIAL CIRCUIT IN AND FOR BROWARD COUNTY, FLORIDA**

CASE NO. CACE26006732

Andrea Howard-Ringe,
an individual,

Plaintiff,

v.

PRIMEFLIGHT AVIATION SERVICES, INC.,
Foreign Profit Corporation.

Defendant.

_______________________________________/

**SUMMONS FOR CIVIL COMPLAINT**

THE STATE OF FLORIDA:
To Each Sheriff of Said State:
You are hereby COMMANDED to serve this Summons for Civil Complaint, and a copy of the Complaint in this action, upon the following Defendant:

PRIMEFLIGHT AVIATION SERVICES, INC.,
THREE SUGAR CREEK CENTER
SUITE 450
SUGAR LAND, TX 77478

By serving: C T CORPORATION SYSTEM, Registered Agent for PRIMEFLIGHT AVIATION SERVICES, INC at 1200 SOUTH PINE ISLAND ROAD, PLANTATION, FL 33324.

The Defendant is required to serve written defenses to the Complaint or Petition on Plaintiff's attorney listed below within TWENTY (20) days after the service of this Summons on said Defendant, exclusive of the day of service, and to file the original of the defenses with the Clerk of Court either before service on Plaintiff's attorney or immediately thereafter. If a Defendant fails to do so, a default will be entered against the Defendant for the relief demanded in the Complaint or Petition.

NOT AN OFFICIAL COPY - CCIS - ATTORNEY OF RECORD

Submitted by:
Aaron M. Polonsky, Esq.
Florida Bar No. 1064526
Rosenfeld Law Group PLLC.
2719 Hollywood Blvd, #A-2086
Hollywood, FL 33021
Tel: 754-764-1400

CLERK OF CIRCUIT & COUNTY COURT — IN GOD WE TRUST — FLORIDA — BROWARD COUNTY

BRENDA D. FORMAN

Dated: APR 27 2026

By: ______________________
Brenda D. Forman
Clerk of the Court of
Broward County Florida

4

# RETURN OF SERVICE

**State of Florida** **County of Broward** **Circuit Civil Division Court**

Case Number: CACE-26-006732

Plaintiff:
**Andrea Howard-Ringe,**

vs.

Defendant:
**PrimeFlight Aviation Services, Inc.**

For:
Aaron M. Polonsky, Esq.
Rosenfeld Law Group, PLLC
66 W. Flagler St.
Miami, FL 33130

Received by Action Legal Process & Investigative Group on the 28th day of April, 2026 at 3:23 pm to be served on **PrimeFlight Aviation Services, Inc., by Serving its Registered Agent, CT Corporation System, 1200 South Pine Island Road, Plantation, FL 33324**.

I, Joseph S. Marker, do hereby affirm that on the **29th day of April, 2026** at **10:30 am, I:**

served a **CORPORATION** by delivering a true copy of the **Summons and Complaint** with the date and hour of service endorsed thereon by me, to: **Monica Myrick as Clerk, Authorized to accept Service for CT Corporation System** as **Registered Agent** for **PrimeFlight Aviation Services, Inc.**, , at the address of: **1200 South Pine Island Road, Plantation, FL 33324**, and informed said person of the contents therein, in compliance with state statutes.

**Description** of Person Served: Age: 40, Sex: F, Race/Skin Color: Black, Height: 5'6, Weight: 140, Hair: Black, Glasses: N

I certify that I am over the age of 18, have no interest in the above action, and am a Appointed Process Server, in good standing, in the judicial circuit in which the process was served. Pursuant to Chapter 48 of Florida Statutes.

Under penalties of perjury, I declare that I have read the foregoing document and that the facts stated in it are true and accurate. Notary not required pursuant to FL Statute 92.525.

**Joseph S. Marker**
S.P.S # 613

**Action Legal Process & Investigative Group**
**11859 SW 248th Terrace**
**Miami, FL 33032**
**(305) 479-6386**

Our Job Serial Number: MEL-2026009600
Ref: Howard-Ringe

NOT AN OFFICIAL COPY - CCG - ATTORNEY OF RECORD

Copyright © 1992-2026 DreamBuilt Software, Inc. - Process Server's Toolbox V9.0a

Filing # 246800033 E-Filed 04/24/2026 03:44:32 PM

| | |
|---|---|
| DELIVERED | 4/29/2026 10:30 AM |
| SERVER | JM |
| LICENSE | S.P.S # 613 |

**IN THE CIRCUIT COURT OF THE 17TH JUDICIAL CIRCUIT IN AND FOR BROWARD COUNTY, FLORIDA**

CASE NO. CACE26006732

Andrea Howard-Ringe,
an individual,

Plaintiff,

v.

PRIMEFLIGHT AVIATION SERVICES, INC.,
Foreign Profit Corporation.

Defendant.

_______________________________________/

**SUMMONS FOR CIVIL COMPLAINT**

THE STATE OF FLORIDA:
To Each Sheriff of Said State:
You are hereby COMMANDED to serve this Summons for Civil Complaint, and a copy of the Complaint in this action, upon the following Defendant:

PRIMEFLIGHT AVIATION SERVICES, INC.,
THREE SUGAR CREEK CENTER
SUITE 450
SUGAR LAND, TX 77478

By serving: C T CORPORATION SYSTEM, Registered Agent for PRIMEFLIGHT AVIATION SERVICES, INC at 1200 SOUTH PINE ISLAND ROAD, PLANTATION, FL 33324.

The Defendant is required to serve written defenses to the Complaint or Petition on Plaintiff's attorney listed below within TWENTY (20) days after the service of this Summons on said Defendant, exclusive of the day of service, and to file the original of the defenses with the Clerk of Court either before service on Plaintiff's attorney or immediately thereafter. If a Defendant fails to do so, a default will be entered against the Defendant for the relief demanded in the Complaint or Petition.

Submitted by:
Aaron M. Polonsky, Esq.
Florida Bar No. 1064526
Rosenfeld Law Group PLLC.
2719 Hollywood Blvd, #A-2086
Hollywood, FL 33021
Tel: 754-764-1400

CLERK OF CIRCUIT & COUNTY COURT — IN GOD WE TRUST — FLORIDA — BROWARD COUNTY

Brenda D. Forman
BRENDA D. FORMAN

Dated: APR 27 2026

By: ______________________
Brenda D. Forman
Clerk of the Court of
Broward County Florida

NOT AN OFFICIAL COPY – CCIS – ATTORNEY OF RECORD

5

**IN THE CIRCUIT COURT OF THE 17TH JUDICIAL CIRCUIT**

**IN AND FOR BROWARD COUNTY, FLORIDA**

**ANDREA HOWARD-RINGE,**
an individual,

Plaintiff,

v.

**PRIMEFLIGHT AVIATION SERVICES, INC.,**
a Foreign Profit Corporation,

Defendant.
_________________________________/

CASE NO.: CACE-26-006732

NOT AN OFFICIAL COPY - CCE - ATTORNEY OF RECORD

**PLAINTIFF'S MOTION TO QUASH RETURN OF SERVICE OF PROCESS AND FOR ISSUANCE OF ALIAS SUMMONS**

Plaintiff, ANDREA HOWARD-RINGE, by and through undersigned counsel and pursuant to Florida Rule of Civil Procedure 1.070, hereby moves this Honorable Court for an Order (1) quashing the Return of Service of Process filed in this action, (2) declaring ineffective the attempted service of the original Summons upon CT Corporation System, and (3) directing the Clerk of Court to issue an Alias Summons so that proper service may be effected upon Defendant's actual registered agent of record. In support, Plaintiff states:

**BACKGROUND**

1. On April 24, 2026, Plaintiff filed her Complaint against Defendant, PRIMEFLIGHT AVIATION SERVICES, INC. ("Defendant"), a foreign profit corporation authorized to transact business in the State of Florida.

2. On April 27, 2026, the Clerk of Court issued a Summons for Civil Complaint (the "Original Summons") directing service upon Defendant by serving "C T Corporation System, Registered Agent for PrimeFlight Aviation Services, Inc., at 1200 South Pine Island Road, Plantation, Florida 33324."

3. On April 29, 2026 at 10:30 a.m., process server Joseph S. Marker (S.P.S. #613) of Action Legal Process & Investigative Group attempted service of the Summons and Complaint by delivering same to Monica Myrick, identified as "Clerk, Authorized to accept Service for CT Corporation System," at the 1200 South Pine Island Road, Plantation, Florida address.

4. The Return of Service reflecting that attempted service (the "Return") was filed with the Court and, on its face, reflects successful service.

5. After service was attempted, undersigned counsel determined that CT Corporation System is not, and was not at the time of the attempted service, the registered agent of Defendant.

6. According to the public records of the Florida Department of State, Division of Corporations, Defendant's registered agent of record is COGENCY GLOBAL INC., 115 North Calhoun Street, Suite 4, Tallahassee, Florida 32301. Cogency Global Inc. has been Defendant's registered agent of record since August 13, 2018. A true and correct copy of the Sunbiz Detail by Entity Name for PrimeFlight Aviation Services, Inc. is attached hereto as Exhibit "A."

7. Because CT Corporation System has no authority — statutory, contractual, or otherwise — to accept service of process on behalf of Defendant, the service reflected in the Return was defective and ineffective to confer personal jurisdiction over Defendant.

8. Plaintiff therefore respectfully requests that this Court enter an Order quashing the Return, declaring the attempted service ineffective, and directing the Clerk of Court to issue an Alias Summons for service upon Defendant's registered agent, Cogency Global Inc., at the address shown in Sunbiz.

9. The relief requested is timely and prejudices no party. The 120-day period to effect service under Florida Rule of Civil Procedure 1.070(j) has not expired, and Defendant has not appeared in this action. Plaintiff seeks only to correct a defect in service so that this matter may proceed on its merits.

WHEREFORE, Plaintiff, ANDREA HOWARD-RINGE, respectfully requests that this Honorable Court enter an Order: (a) quashing the Return of Service of Process previously filed in this action; (b) declaring the attempted service of the Original Summons upon CT Corporation System ineffective and a legal nullity; (c) directing the Clerk of Court to issue an Alias Summons for

NOT AN OFFICIAL COPY - CCIS - ATTORNEY OF RECORD

service upon Defendant PrimeFlight Aviation Services, Inc., by serving its registered agent of record, Cogency Global Inc., 115 North Calhoun Street, Suite 4, Tallahassee, Florida 32301; and (d) granting such further and additional relief as the Court deems just and proper.

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 14th day of May, 2026, the foregoing document was electronically filed with the Clerk of Court using the Florida Courts E-Filing Portal.

NOT AN OFFICIAL COPY - CCIS - ATTORNEY OF RECORD

Respectfully submitted,

**ROSENFELD LAW GROUP PLLC**
2719 Hollywood Blvd, #A-2086
Hollywood, FL 33021
Tel: (754) 764-1400
Email:
apolonsky@therosenfeldlawgroup.com

By: /s/ Aaron M. Polonsky
Aaron M. Polonsky, Esq.
Florida Bar No. 1064526
Counsel for Plaintiff

# Detail by Entity Name

Foreign Profit Corporation
PRIMEFLIGHT AVIATION SERVICES, INC.

**Cross Reference Name**

PRIMEFLIGHT AVIATION SERVICES, INC.

**Filing Information**

| | |
|---|---|
| **Document Number** | F17000004781 |
| **FEI/EIN Number** | 82-2808194 |
| **Date Filed** | 10/24/2017 |
| **State** | DE |
| **Status** | ACTIVE |
| **Last Event** | DROPPING DBA |
| **Event Date Filed** | 06/07/2019 |
| **Event Effective Date** | NONE |

**Principal Address**

3 Sugar Creek Center
Suite 450
SUGAR LAND, TX 77478

Changed: 04/26/2022

**Mailing Address**

3 Sugar Creek Center
Suite 450
SUGAR LAND, TX 77478

Changed: 04/26/2022

**Registered Agent Name & Address**

COGENCY GLOBAL INC.
115 NORTH CALHOUN ST., SUITE 4
TALLAHASSEE, FL 32301

Name Changed: 08/13/2018

Address Changed: 08/13/2018

**Officer/Director Detail**

**Name & Address**

NOT AN OFFICIAL COPY - CCIS - ATTORNEY OF RECORD

Title Treasurer, CFO

Roeder, Clinton
3 Sugar Creek Center
Suite 450
SUGAR LAND, TX 77478

Title Chairman, Director

Bucaro, Daniel
3 Sugar Creek Center
Suite 450
SUGAR LAND, TX 77478

Title Secretary

Davidson, Larry Edward "Ted"
3 Sugar Creek Center
Suite 450
SUGAR LAND, TX 77478

**Annual Reports**

| Report Year | Filed Date |
|---|---|
| 2024 | 04/25/2024 |
| 2025 | 04/24/2025 |
| 2026 | 04/22/2026 |

**Document Images**

| | |
|---|---|
| 04/22/2026 -- ANNUAL REPORT | View image in PDF format |
| 04/24/2025 -- ANNUAL REPORT | View image in PDF format |
| 04/25/2024 -- ANNUAL REPORT | View image in PDF format |
| 04/10/2023 -- ANNUAL REPORT | View image in PDF format |
| 04/26/2022 -- ANNUAL REPORT | View image in PDF format |
| 04/20/2021 -- ANNUAL REPORT | View image in PDF format |
| 01/22/2020 -- ANNUAL REPORT | View image in PDF format |
| 08/21/2019 -- AMENDED ANNUAL REPORT | View image in PDF format |
| 06/07/2019 -- Dropping Alternate Name | View image in PDF format |
| 02/11/2019 -- ANNUAL REPORT | View image in PDF format |
| 08/13/2018 -- Reg. Agent Change | View image in PDF format |
| 03/12/2018 -- ANNUAL REPORT | View image in PDF format |
| 10/24/2017 -- Foreign Profit | View image in PDF format |

NOT AN OFFICIAL COPY - CCIS - ATTORNEY OF RECORD

6

**IN THE CIRCUIT COURT OF THE 17TH JUDICIAL CIRCUIT
IN AND FOR BROWARD COUNTY, FLORIDA**

CASE NO. **CACE26006732** DIVISION: **02** JUDGE: **Bowman, John B (02)**

**Andrea Howard-ringe**

Plaintiff(s) / Petitioner(s)

v.

**PrimeFlight Aviation Services, Inc.**

Defendant(s) / Respondent(s)

_____________________________/

**AGREED ORDER**

NOT AN OFFICIAL COPY - CCIS - ATTORNEY OF RECORD

THIS CAUSE came before the Court upon Plaintiff's Motion to Quash Return of Service of Process and for Issuance of Alias Summons (the "Motion"). The Court, having reviewed the Motion and the court file, having considered the applicable law, and being otherwise fully advised in the premises, it is hereby:

ORDERED AND ADJUDGED that:

1. The Motion is GRANTED.

2. The Return of Service of Process filed in this action reflecting service of the original Summons upon CT Corporation System on April 29, 2026, is hereby QUASHED.

3. The attempted service of the original Summons upon CT Corporation System is declared ineffective and a legal nullity, and confers no personal jurisdiction over Defendant, PrimeFlight Aviation Services, Inc.

4. The Clerk of Court is directed to issue an Alias Summons for Civil Complaint upon Defendant, PrimeFlight Aviation Services, Inc., for service upon its registered agent of record, COGENCY GLOBAL INC., 115 North Calhoun Street, Suite 4, Tallahassee, Florida 32301.

5. The time within which Plaintiff must effect service upon Defendant under Florida Rule of Civil Procedure 1.070(j) shall be measured from the date the Alias Summons is issued, or in the alternative, Plaintiff shall have an additional one hundred twenty (120) days from the date of this Order

within which to effect service upon Defendant.

**DONE AND ORDERED** in Chambers at Broward County, Florida on 18th day of May, 2026.

CACE26006732 05-18-2026 1:18 PM

CACE26006732 05-18-2026 1:18 PM
Hon. John Bowman
**CIRCUIT COURT JUDGE**
Electronically Signed by John Bowman

**Copies Furnished To:**
Aaron Polonsky , E-mail : apolonsky@therosenfeldlawgroup.com

NOT AN OFFICIAL COPY - CCIS - ATTORNEY OF RECORD

7

Filing # 249595832 E-Filed 06/03/2026 07:05:12 PM

IN THE CIRCUIT COURT OF THE SEVENTEENTH JUDICIAL CIRCUIT IN AND FOR BROWARD COUNTY, FLORIDA

CASE NO.: **CACE26006732**
JUDGE: **Bowman, John B (02)**

**Andrea Howard-ringe**
Plaintiff(s),
vs.
**PrimeFlight Aviation Services, Inc.**
Defendant(s).
_______________________________________/

NOT AN OFFICIAL COPY THIS - ATTORNEY OF RECORD

**UNIFORM CASE MANAGEMENT ORDER**
**(CIRCUIT CIVIL GENERAL TRACK)**

**ALL PARTIES MUST READ CAREFULLY/STRICT COMPLIANCE IS MANDATORY**

THE DEADLINES LISTED HEREIN **MUST** BE **STRICTLY ENFORCED** UNLESS CHANGED BY COURT ORDER. STRICT COMPLIANCE MEANS NO CONTINUANCES OR EXTENSIONS WILL BE GRANTED WITHOUT COURT ORDER UPON WRITTEN MOTION SETTING FORTH GOOD CAUSE, PURSUANT TO IN RE: AMEND. TO FLA. R. CIV. P., NO. SC23-0962 (December 5, 2024), FLA. R. CIV. P. 1.200, FLA. R. CIV. P. 1.460, AND FLA. R. GEN. PRAC. & JUD. ADMIN. 2.545(e).

FAILURE TO ATTEND A MANDATORY CASE MANAGEMENT CONFERENCE MAY RESULT IN THE COURT DISMISSING THE ACTION, ENTERING A DEFAULT, STRIKING THE PLEADINGS, LIMITING PROOF OF WITNESSES, OR ANY OTHER APPROPRIATE ACTION AGAINST THE PARTY FAILING TO ATTEND. (Fla. R. Civ. P. 1.200(j)(6)).

THIS CASE MANAGEMENT ORDER SUPERSEDES ANY PRIOR CASE MANAGEMENT ORDER ENTERED IN THIS CASE.

This case has been designated to the **GENERAL CIVIL TRACK**. The deadlines established by this Order are to ensure the case is disposed of within 18 months from the date of service of initial process on the last defendant or 120 days after commencement of the action as provided in rule 1.050, whichever occurs first. Accordingly, the following procedures and deadlines shall be strictly observed by the parties and enforced by the court:



*** FILED: BROWARD COUNTY, FL BRENDA D. FORMAN, CLERK 06/03/2026 07:05:12 PM.****

1. SCHEDULING OF A MANDATORY CASE MANAGEMENT CONFERENCE:
[ **X** ](Applicable if checked): A **MANDATORY** Case Management Conference will be held on zoom in Courtroom **Zoom: https://17thflcourts.zoom.us/j/763453911** on **10-28-2026 8:45 AM** .

   During the case management conference, the Court may elect to hear any pending motion, even if the parties have not identified the motion as an issue to be resolved. Motions for summary judgment and matters requiring an evidentiary hearing may not be heard unless agreed to by the parties and the court. (Fla. R. Civ. P. 1.200(j)(2)).
   **On any matters ruled upon, unless otherwise ordered, within five (5) days following the Case Management Conference, counsel for Plaintiff(s) shall prepare an order pursuant to Florida Rule of Civil Procedure 1.200(j)(5).**

2. COMPLAINT: The Complaint shall be served within 120 days of filing. Failure to perfect service within 120 days shall subject the action to dismissal without prejudice or dropping of that party as a defendant. If plaintiff shows good cause or excusable neglect for failure to serve within 120 days, the court shall extend the time for service for an appropriate period. (Fla. R. Civ. P. 1.070(j)).

3. NOTICE OF SERVICE OF COMPLAINT: Upon service of the complaint on the last of all named defendants in a civil action, the plaintiff will file a Notice of Service and provide a courtesy copy of the Notice of Service to the assigned trial judge. A fillable PDF form "Notice of Service" is available on the Circuit's webpage (www.17th.flcourts.org).

4. TRIAL: Trial will be set in accordance with Florida Rule of Civil Procedure 1.440. The court will issue a separate Uniform Trial Order scheduling Calendar Call and setting the Trial Period. The action no longer needs to be "at issue" prior to the case being set for trial. The failure of the pleadings to be closed will not preclude the court from setting a case for trial. (Fla. R. Civ. P. 1.440).

5. INITIAL DISCOVERY DISCLOSURES:
   A. Parties must make initial discovery disclosures required by Florida Rule of Civil Procedure 1.280 **within 60 days after the service of the complaint or joinder**, unless a different time is set by court order. Pursuant to Local Rule 10A, a party may file a motion for ex parte relief where no motion for extension of time has been filed and the nonmoving party has completely failed to comply with Florida Rule of Civil Procedure 1.280(a).

   B. A party may not seek discovery from any source before that party's initial disclosures are served on the other party, except when authorized by stipulation or by court order. (Fla. R. Civ. P. 1.280(f)(1)).

   C. As set forth in Rule 1.280(a)(1), initial discovery disclosures include:
      1. The name and, if known, the address, telephone number, and e-mail address of each individual likely to have discoverable information--along with the subjects of that information--that the disclosing party may use to support its claims or defenses, unless the use would be solely for impeachment;
      2. A copy--or a description by category and location--of all documents,

NOT AN OFFICIAL COPY - CCE - ATTORNEY OF RECORD

electronically stored information, and tangible things that the disclosing party has in its possession, custody, or control (or, if not in the disclosing party's possession, custody, or control, a description by category and location of such information) and may use to support its claims or defenses, unless the use would be solely for impeachment;

3. A computation for each category of damages claimed by the disclosing party and a copy of the documents or other evidentiary material, unless privileged or protected from disclosure, on which each computation is based, including materials bearing on the nature and extent of injuries suffered; provided that a party is not required to provide computations as to noneconomic damages, but the party must identify categories of damages claimed and provide supporting documents; and
4. A copy of any insurance policy or agreement under which an insurance business may be liable to satisfy all or part of a possible judgment in the action or to indemnify or reimburse for payments made to satisfy the judgment.

D. A party who has made a disclosure under this rule or who has responded to an interrogatory, a request for production, or a request for admission **<u>must</u>** supplement or correct its disclosure or response: (a) in a timely manner if the party learns that in some material respect the disclosure or response is incomplete or incorrect, and if the additional or corrective information has not otherwise been made known to the other parties during the discovery process or in writing; or (b) as ordered by the court. (Fla. R. Civ. P. 1.280(g)).

6. <u>NOTICE OF RELATED CASE(S) (i.e., cases involving the same parties, same subject matter or incident, or same property at issue)</u>: The Parties shall file a Notice of Related Case(s) within thirty (30) days from the date of this Order identifying any and all related cases.

7. <u>ATTORNEY/PRO SE PARTY PREPARATION</u>: Attorneys and self-represented litigants who appear at a case management conference **<u>MUST</u>** be prepared on the pending matters in the case, be prepared to make decisions about future progress and conduct of the case, and have authority to make representations to the court and enter into binding agreements concerning motions, issues, and scheduling. If a party is represented by more than 1 attorney, the attorney(s) present at a case management conference must be prepared with all attorneys' availability for future events. (Fla. R. Civ. P. 1.200(j)(3)).

8. <u>ATTORNEY/PRO SE PARTY CERTIFICATION AND VERIFICATION REQUIREMENTS OF USE OF AI TECHNOLOGIES:</u>

An attorney may ethically utilize AI technologies but only to the extent that the lawyer can reasonably guarantee compliance with the lawyer's ethical obligations. Attorneys must comply with Florida law and the applicable Rules Regulating the Florida Bar. (*See* Florida Bar Ethics Opinion 24-1 (Jan. 19, 2024)).

If any attorney or pro se party submits to the court any filing or submission containing AI-generated content, that attorney or pro se party must disclose the use of artificial intelligence on the face of the document **<u>and</u>** also must include a certification that the attorney or pro se

NOT AN OFFICIAL COPY - CCIS ATTORNEY OF RECORD

party has personally reviewed and verified the content's accuracy. Failure to include this certification or comply with this verification requirement will be grounds for sanctions, as permitted by law.

9. CASE MANAGEMENT DEADLINES:

A. **DEADLINES IN THIS CASE MANAGEMENT ORDER MUST BE STRICTLY ENFORCED UNLESS CHANGED BY COURT ORDER FOR GOOD CAUSE SHOWN. (Fla. R. Civ. P. 1.200(e)(1)).**

B. Notices of unavailability and/or inability to comply with the deadlines have no effect on the case management deadlines set by this order. If a party is unable to comply with a deadline, including due to the unavailability of hearing time, the party must take action consistent with Florida Rule of Civil Procedure 1.200(e)(1). (Fla. R. Civ. P. 1.200(f)-(g)).

NOT AN OFFICIAL COPY - CCIS - ATTORNEY OF RECORD

10. CASE MANAGEMENT AND TRIAL DEADLINES:

The following deadlines apply unless otherwise modified by the Court.

| | EVENTS | COMPLETION DEADLINE |
|---|---|---|
| 1. | Service of Complaint | 120 days from filing; Service under extension is only by court order. |
| 2. | Resolution of all motions/objections directed to the pleadings *(i.e. to dismiss or strike)* | 120 days before Calendar Call (must be set within 10 days of filing to be heard within 60 days) |
| 3. | Pleading Amendments/Adding New Parties | 120 days before Calendar Call |
| 4. | Disclosure of Fact Witnesses/Lists | 150 days before Calendar Call |
| 5. | Disclosure of Expert Witnesses/Lists | 120 days before Calendar Call |
| 6. | Completion of Compulsory Examinations | 120 days before Calendar Call |
| 7. | Disclosure of Rebuttal Witnesses/Lists | 100 days before Calendar Call |
| 8. | Completion of all Discovery (including expert discovery) | 30 days before Calendar Call (must be initiated 90 days before Calendar Call) |
| 9. | Filing of all Dispositive Motions and Motions for Summary Judgment | 90 days before Calendar Call |
| 10. | Expert Challenges and Deposition Objections | 45 days before Calendar Call (must be filed and heard) |
| 11. | Filing of all Pretrial Motions (including Motions in Limine) | 30 days before Calendar Call |

| | | |
|---|---|---|
| 12. | Deposition Designations | 20 days before Calendar Call |
| 13. | Deadline for Mediation | 60 days before Calendar Call |

11. <u>WITNESS LISTS</u>**:**

**A. NO LATER THAN ONE HUNDRED AND FIFTY (150) DAYS PRIOR TO CALENDAR CALL:**

<u>Fact Witnesses</u>:
Parties must file and serve a list of names and addresses of all fact witnesses who are expected to testify at trial. Each party's fact witness list must include a brief description of the substance and scope of the testimony to be elicited from such witness. Both sides must cooperate in the scheduling of such witness depositions.

**B. NO LATER THAN ONE HUNDRED AND TWENTY (120) DAYS PRIOR TO CALENDAR CALL:**

<u>Expert Witnesses</u>:

1. At the time of disclosure of all expert witnesses, the parties shall file and serve the names and addresses of all expert witnesses to be called at trial, including their complete and updated curriculum vitae, and all information regarding expert testimony that is required by Fla. R. Civ. P. 1.280(c)(5). Parties shall furnish opposing counsel with two (2) alternative dates of availability of all expert witnesses for the purpose of taking their deposition. Both parties shall cooperate in the scheduling of expert depositions.
2. The parties shall also provide answers to standard form expert interrogatories pursuant to Fla. R. Civ. P. 1.280(c)(5). All reports or other data compiled by each disclosed expert which is intended to be used by the expert and/or referred to during his/her deposition testimony shall be provided electronically to the opposing party at least 72 hours prior to the date of the scheduled deposition.

**C. NO LATER THAN ONE HUNDRED (100) DAYS PRIOR TO CALENDAR CALL:**

<u>Rebuttal Witnesses</u>:
Parties must file and serve a list of names and addresses of any rebuttal witnesses within one hundred (100) days prior to Calendar Call.

12. <u>COMPULSORY MEDICAL EVALUATIONS ("CME")</u>**:**

**A. NO LATER THAN ONE HUNDRED AND TWENTY (120) DAYS PRIOR TO CALENDAR CALL:**

All CME and other examinations pursuant to Florida Rule of Civil Procedure 1.360 must be completed no later than one hundred and twenty (120) days prior to Calendar Call.

NOT AN OFFICIAL COPY - DCS - ATTORNEY OF RECORD

13. DISCOVERY DEADLINES:

**A. NO LATER THAN NINETY (90) DAYS PRIOR TO CALENDAR CALL:**

All final discovery must have been initiated at least ninety (90) days prior to Calendar Call.

**B. NO LATER THAN THIRTY (30) DAYS PRIOR TO CALENDAR CALL:**

Parties must complete all discovery, including expert discovery in accordance with Florida Rule of Civil Procedure 1.280(c)(5), at least thirty (30) days prior to Calendar Call. Discovery conducted after this time period is strongly disfavored and will only be permitted by order of the Court under exceptional circumstances.

**C. ELECTRONICALLY STORED INFORMATION (ESI) DISCOVERY:**

ESI discovery procedures are governed by Seventeenth Judicial Circuit Administrative Order 2021-20-Gen, a copy of which is available on the Circuit's webpage (www.17th.flcourts.org).

14. MOTIONS:

**A. CONFERRAL PRIOR TO FILING MOTIONS:**

Before filing a non-dispositive motion, the movant **MUST** confer with the opposing party in a good-faith effort to resolve the issues raised in the motion **AND** at the end of the motion and above the signature block, the movant **MUST** include a certificate of conferral. (Fla. R. Civ. P. 1.202(a)-(b)). **The parties are expected to confer and attempt to resolve the issues raised in the motion before reserving hearing time**.

The requirements of rule 1.202 do not apply when the movant or the nonmovant is unrepresented by counsel (pro se). (Fla. R. Civ. P. 1.202(c)).

**B. NO LATER THAN ONE HUNDRED AND TWENTY (120) DAYS PRIOR TO CALENDAR CALL:**

1. Motions to Add a Party or Parties or to Amend the Pleadings: must be filed and set for hearing no later than one hundred and twenty (120) days before Calendar Call absent good cause shown. The deadline shall not conflict with Florida Rule of Civil Procedure 1.190(e), and the motion may be denied if there has been undue delay, bad faith, prejudice to the opposing side, dilatory motive on the part of the moving party or when the amendment would be futile.

2. Motions/Objections Directed to the Pleadings: all objections to the pleadings must be filed and set for hearing no later than one hundred and twenty (120) days before Calendar Call. **The motion/objection MUST be set within ten (10) days of filing of the motion/objection to be heard within sixty (60) days**.

NOT AN OFFICIAL COPY – CCIS – ATTORNEY OF RECORD

**C. NO LATER THAN NINETY (90) DAYS PRIOR TO CALENDAR CALL:**

1. Motions for Summary Judgment and other Dispositive Motions: must be filed no later than ninety (90) days before Calendar Call. Motions for summary judgment will not be heard at or after Calendar Call unless approved by the court. If the Court has granted the parties' request for a hearing on the motion, but a hearing is not available prior to the deadline, the parties shall submit the fully briefed motion and opposition (if any) to the court prior to the expiration of the deadline, and the court can rule on those motions on the papers. Failure to timely submit the paperwork to the court will deem those motions abandoned.

2. Response to Motion for Summary Judgment: the response and supporting factual position must be served no later than forty (40) days after service of the motion for summary judgment. (Fla. R. Civ. P. 1.510(c)(5)).

**D. NO LATER THAN FORTY-FIVE (45) DAYS PRIOR TO CALENDAR CALL:**

1. Expert Challenges: motions challenging an expert witness ("Expert Challenges"), must be filed and heard no later than forty-five (45) days before Calendar Call.

2. Deposition Objections: objections raised in depositions expected to be introduced at trial must be filed and heard no later than forty-five (45) days before Calendar Call.

**E. NO LATER THAN THIRTY (30) DAYS PRIOR TO CALENDAR CALL:**

1. Motions in Limine: must be filed no later than thirty (30) days prior to Calendar Call. If the Court has granted the parties' request for a hearing on the motion, but a hearing is not available prior to the deadline, the parties shall submit the fully briefed motion and opposition (if any) to the court prior to the expiration of the deadline, and the court can rule on those motions on the papers. Failure to timely submit the paperwork to the court will deem those motions abandoned.

2. Pretrial Motions: must be filed and heard no later than thirty (30) days prior to Calendar Call. All motions, other than motions in limine, not heard before Calendar Call will be deemed abandoned.

**F. NO LATER THAN TWENTY (20) DAYS PRIOR TO CALENDAR CALL:**

1. Deposition Designations: no later than twenty (20) days prior to Calendar Call, each party must serve designation of depositions, or portions of depositions, each intends to offer as testimony.

15. JOINT PRETRIAL STIPULATION**:**

NOT AN OFFICIAL COPY - CCIS - ATTORNEY OF RECORD

**A. NO LATER THAN TEN (10) DAYS PRIOR TO CALENDAR CALL:**

1. The Joint Pretrial Stipulation contemplates a single document that must be filed and served, **with a courtesy copy served on the undersigned judge**, no later than ten (10) days prior to Calendar Call.
2. The Joint Pretrial Stipulation requires that all agreed matters be fully identified and any disputed matters be specifically delineated with respect to each party.

**B. THE JOINT PRETRIAL STIPULATION MUST CONTAIN THE FOLLOWING IN SEPARATELY NUMBERED PARAGRAPHS:**

NOT AN OFFICIAL COPY - CCC - ATTORNEY OF RECORD

1. Statement of the Facts: A concise, impartial statement of the facts of the case.
2. Stipulated Facts: A list of those facts that can be stipulated and require no proof at trial.
3. Statement of Disputed Law and Fact: A concise, impartial statement of those issues of law and fact that are to be tried.
4. Exhibit Lists: Each party must separately list all exhibits they intend to introduce into evidence. Each item must be listed by number and description on a separate schedule attached to the Joint Pretrial Stipulation. Each exhibit must be specifically described. **Generic descriptions of exhibits are subject to being stricken.** If any party objects to the introduction of any such exhibit, such objection **must be stated in the Joint Pretrial Stipulation**, setting forth the grounds with specificity. All exhibits must have been made available to all parties for examination no later than ten (10) days before Calendar Call. Parties must initial each other's exhibit lists and exhibits. **At trial, only those exhibits properly listed and initialed may be offered into evidence**.
5. Demonstrative Exhibits: all demonstrative exhibits (e.g., charts, graphs, enlargements of exhibits, etc.) intended to be used at a jury trial must be displayed to all parties at least ten (10) days before Calendar Call. **Objections to a demonstrative exhibit must be disclosed in the pretrial stipulation or will be deemed waived.**
6. Witness Lists: Parties must furnish a written list containing the names and addresses of all witnesses intended to be called at trial in alphabetical order. Such list must designate the type of witness ("expert," "rebuttal," "impeachment," or otherwise) and must be attached to the Joint Pretrial Stipulation. All fact witness lists must include a brief description of **the substance and scope of the testimony** to be elicited from such witness. All expert witness lists must **designate the expert's specialties**. If any party objects to any witness, such objection must be stated in the Joint Pretrial Stipulation, setting forth the grounds with specificity. **At trial, only those witnesses properly and timely disclosed will be permitted to testify**.
7. Jury Instructions: If the trial is a jury trial, the parties must identify all agreed upon standard instructions and all special instructions. Copies of all agreed upon jury instructions and disputed jury instructions must be attached to the Joint Pretrial Stipulation identifying the party that proposed the instruction, along with copies of supporting statutory citations and/or case law.
8. Verdict Forms: If the trial is a jury trial, the jury verdict form must be designated as "agreed to" or "disputed" and must be attached to the Joint Pretrial Stipulation.

9. Peremptory Challenges: If the trial is a jury trial, the number of peremptory challenges for each party must be stated and attached to the Joint Pretrial Stipulation.
10. Pending Motions: Parties must set forth a list of all pending motions with copies attached to the Joint Pretrial Stipulation.
11. Trial Estimate: Each party must provide an estimate of the number of trial days required for presenting its side of the case.
12. Expert Challenges: All motions challenging an expert witness must be filed and heard no later than forty-five (45) days before Calendar Call. FAILURE TO DO SO MAY CONSTITUTE A WAIVER OF ANY EXPERT RELATED EVIDENCE ISSUE(S). It is within the discretion of the Court to remove any case with pending expert issues.

16. COURT POLICIES**:**

A. Parties must do all things reasonable and necessary to assure the availability of witnesses for the entire Trial Period or to otherwise preserve witness testimony for trial as provided by the Florida Rules of Civil Procedure. *See* Fla. R. Civ. P. 1.300 & 1.460; *see also* Fla. R. Gen. Prac. & Jud. Admin. 2.545.

B. The requirements of this Order cannot be waived by stipulation **absent prior approval from the Court** pursuant to written agreement between the parties.

C. This Order may be tailored by the assigned Division Judge to conform to the particular requirements of the residential foreclosure and complex litigation divisions.

D. At trial, there will only be one (1) official record transcribed by one (1) court reporter. Plaintiff is responsible for arranging for a court reporter unless otherwise agreed to by the parties. If a conflict exists, the parties must resolve it among themselves prior to Calendar Call.

17. TRIAL CONTINUANCES**:**

A. The parties must satisfy the requirements of Rule 1.460 to change the trial period.
**B. A motion to continue is disfavored and will rarely be granted. No continuances will be granted without Court Order upon written motion setting forth good cause pursuant to In re: Amend. to Fla. R. Civ. P., No. SC23-0962 (December 5, 2024), Fla. R. Civ. P. 1.460, and Fla. R. Gen. Prac. & Jud. Admin. 2.545(e). All motions seeking a continuance must comply with Fla. R. Civ. P. 1.460 and Fla. R. Gen. Prac. & Jud. Admin. 2.545.**
C. A motion to continue trial must be in writing unless made at trial and, except for good cause shown, must be signed by the named party requesting the continuance. The motion must be filed promptly after the appearance of good cause to support such motion. Failure to properly request a continuance may be a basis for denying the motion to continue. (Fla. R. Civ. P. 1.460(b)-(c) and Fla. R. Gen. Prac. & Jud. Admin. 2.545(e)).

D. All motions for continuance, even if agreed, must state with specificity as set forth in rule 1.460(d).

NOT AN OFFICIAL COPY - CCIS - ATTORNEY OF RECORD

E. **NO** CONTINUANCES will be granted based on the lack of due diligence in preparing for trial.

F. **NO** CONTINUANCES will be granted for reasons that should have been readily apparent to the parties when this Order was issued.

G. **NO** CONTINUANCES will be granted if expert witnesses are unavailable because testimony may be preserved by deposition.

H. **NO** CONTINUANCES will be granted for reasons relating to the failure to follow this Order.

I. If a continuance is granted based on the dilatory conduct of an attorney or named party, the court may consider imposing sanctions on the attorney, the party, or both.

18. MEDIATION:

A. Mandatory Mediation: must commence no later than sixty (60) days prior to Calendar Call. The parties must comply with Florida Rules of Civil Procedure 1.700, 1.710, 1.720, and 1.730 as to the conduct of mediation. The parties may attend mediation through the use of communication technology (remotely) if mutually agreed upon. The Court will resolve any disagreement as to where or how mediation is to be conducted. Plaintiff's counsel is appointed lead counsel to facilitate and schedule the settlement conference with the mediator and all parties.

The Court appoints:
**JOYCE A. JULIAN**
**1323 SE 4TH AVENUE FORT LAUDERDALE FL 33316**
**joyce@joycejulian.com**
**954-467-6656**
as Mediator, unless, within thirty (30) days of service of initial process on the last defendant or thirty (30) days from the date of this Order, whichever occurs later, the parties choose a different Mediator, and file notice of that choice and the name of the substitute mediator with the Clerk of Court. Failure to attend mediation may result in sanctions.

NOT AN OFFICIAL COPY - CCIS - ATTORNEY OF RECORD

19. SANCTIONS: All parties should be familiar with Florida Rule of Civil Procedure 1.380 entitled "Failure to Make Discovery; Sanctions" and section 57.105, Florida Statutes, entitled "Attorney's fee; sanctions for raising unsupported claims or defenses; exceptions; service of motions; damages for delay of litigation."

FAILURE TO APPEAR, FAILURE TO FOLLOW TIME REQUIREMENTS, OR FAILURE TO FILE DOCUMENTS REQUIRED BY THIS COURT MAY RESULT IN THE DISMISSAL OF THE ACTION OR THE IMPOSITION OF SANCTIONS INCLUDING THE STRIKING OF PLEADINGS.

20. SETTLEMENT NOTIFICATION: Parties must immediately notify the Court in the event of settlement and submit a stipulation for an Order of Dismissal. Parties shall also cancel any

and all pending hearings as a result of the settlement.

21. COMPLIANCE WITH DIVISIONAL PROCEDURES: Attorneys and self-represented litigants are required to read and comply with the division's procedures located on the 17th Judicial Circuit Court's Website (www.17th.flcourts.org). Failure to do so may result in appropriate sanctions, as permitted by law.

**DONE AND ORDERED** in Chambers, Fort Lauderdale, Florida on **06-03-2026** .

CACE26006732 06-03-2026 5:22 PM

**CACE26006732 06-03-2026 5:22 PM**

CIRCUIT COURT JUDGE

NOT AN OFFICIAL COPY - CCIS - ATTORNEY OF RECORD

**If you are a person with a disability who needs any accommodation in order to participate in this proceeding, you are entitled, at no cost to you, to the provision of certain assistance. Please contact the ADA Coordinator, Room 20140, 201 S.E. 6th Street, Fort Lauderdale, Florida 33301, 954-831-7721 at least 7 days before your scheduled court appearance, or immediately upon receiving this notification if the time before the scheduled appearance is less than 7 days. If you have a hearing or voice disability you can contact the court through the Florida Relay Service by calling 711.**

CC:
**Aaron Polonsky, Email : apolonsky@therosenfeldlawgroup.com**
**JOYCE A. JULIAN, Email : joyce@joycejulian.com**

8

**IN THE CIRCUIT COURT OF THE 17TH JUDICIAL CIRCUIT IN AND FOR BROWARD COUNTY, FLORIDA**

CASE NO. CACE26006732

Andrea Howard-Ringe,
an individual,

Plaintiff,

v.

PRIMEFLIGHT AVIATION SERVICES, INC.,
Foreign Profit Corporation.

Defendant.
_______________________________________/

**NOTICE OF FILING**

COMES NOW Plaintiff, ANDREA HOWARD-RINGE ("Plaintiff"), by and through undersigned counsel, hereby gives notice of filing Defendant PRIMEFLIGHT AVIATION SERVICES, INC.'s Acceptance and Waiver of Service of Process attached hereto as Exhibit A.

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that a true and correct copy of the foregoing was served upon all counsel of record via the Florida Courts E-Filing Portal on this 17th day of June, 2026.

**Rosenfeld Law Group, PLLC**
2719 Hollywood Blvd.
#A-2086
Hollywood, FL 33021
Tel: 754-764-1400
Fax: 954-272-8343
*Attorney for Plaintiff*

By: /s/Nicholas Battaglia
Nicholas Battaglia
Florida Bar No. 1018467

Primary E-mail:
nbattaglia@therosenfeldlawgroup.com
Secondary emails:

NOT AN OFFICIAL COPY – CCIS – ATTORNEY OF RECORD

intake@therosenfeldlawgroup.com
jolenkovic@therosenfeldlawgroup.com

NOT AN OFFICIAL COPY - CCIS - ATTORNEY OF RECORD

# EXHIBIT A

NOT AN OFFICIAL COPY - CCIS - ATTORNEY OF RECORD

IN THE CIRCUIT COURT FOR THE SEVENTEENTH JUDICIAL CIRCUIT
IN AND FOR BROWARD COUNTY, FLORIDA

ANDREA HOWARD-RINGE, an individual,

Plaintiff,

vs.

PRIMEFLIGHT AVIATION SERVICES, INC., Foreign Profit Corporation,

Defendant.
______________________________/

CIRCUIT CIVIL DIVISION

CASE NO.: CACE-26-006732

**ACCEPTANCE AND WAIVER OF SERVICE**
**OF PROCESS BY SHERIFF**

COMES NOW, PrimeFlight Aviation Services, Inc., Defendant in the above-styled cause and herby acknowledges receipt of a copy of the Complaint filed in this action and in doing so accepts service of same and specifically waives formal service of process by Sheriff or other person duly authorized to serve process in the Stae of Florida.

NOT AN OFFICIAL COPY - CCIS - ATTORNEY OF RECORD

[REMAINDER OF PAGE INTENTIONALLY BLANK]

May 29, 2026

Respectfully submitted,

*/s/ Patrick K. Dahl*
**Patrick K. Dahl, Esquire**
Florida Bar No. 084109
**MORGAN, AKINS & JACKSON, PLLC**
*Attorneys for PrimeFlight Aviation Services, Inc.*
501 E. Las Olas Boulevard
Suite 300
Ft. Lauderdale, FL 33301
Phone: (754) 255-3010
Fax: (215) 600-1303
pdahl@morganakins.com
nstermer@morganakins.com
fileclerk@morganakins.com

NOT AN OFFICIAL COPY - CCIS - ATTORNEY OF RECORD

9

Filing # 252577135 E-Filed 07/16/2026 07:43:23 AM

IN THE CIRCUIT COURT FOR THE SEVENTEENTH JUDICIAL CIRCUIT
IN AND FOR BROWARD COUNTY, FLORIDA

ANDREA HOWARD-RINGE, an individual,

Plaintiff,

vs.

PRIMEFLIGHT AVIATION SERVICES, INC., Foreign Profit Corporation,

Defendant.
_______________________________/

CIRCUIT CIVIL DIVISION

CASE NO.: CACE-26-006732

**NOTICE OF APPEARANCE AND DESIGNATION OF E-MAIL ADDRESS**

PLEASE take notice that Patrick K. Dahl of the law firm of Morgan, Akins & Jackson, PLLC, enter an appearance in the above-styled case on behalf PrimeFlight Aviation Services, Inc.

Pursuant to Fla. R. Jud. Admin. 2.516, the following are the designated e-mail addresses for copies of all pleadings or other documents required to be served in this matter:

PRIMARY E-MAIL: pdahl@morganakins.com

SECONDARY E-MAIL: fileclerk@morganakins.com

nstermer@morganakins.com

NOT AN OFFICIAL COPY - CCIS - ATTORNEY OF RECORD

[REMAINDER OF PAGE INTENTIONALLY BLANK]



*** FILED: BROWARD COUNTY, FL BRENDA D. FORMAN, CLERK 07/16/2026 07:43:22 AM.****

July 16, 2026

Respectfully submitted,

*/s/ Patrick K. Dahl*
**Patrick K. Dahl, Esquire**
Florida Bar No. 084109
**MORGAN, AKINS & JACKSON, PLLC**
*Attorneys for PrimeFlight Aviation Services, Inc.*
501 E. Las Olas Boulevard
Suite 300
Ft. Lauderdale, FL 33301
Phone: (754) 255-3010
Fax: (215) 600-1303
pdahl@morganakins.com
nstermer@morganakins.com
fileclerk@morganakins.com

NOT AN OFFICIAL COPY - DOC - ATTORNEY OF RECORD

**CERTIFICATE OF SERVICE**

WE HEREBY CERTIFY that a copy hereof has been electronically served via Florida ePortal to: Aaron Polonsky, Esq., Nicholas Battaglia, Esq., Rosenfed Law Group, PLLC, 2719 Hollywood Blvd., #A-2086, Hollywood, FL 33021; apolonsky@therosenfeldlawgroup.com; nbattaglia@therosenfeldlawgroup.com; intake@therosenfeldlawgroup.com.

*/s/ Patrick K. Dahl*
**Patrick K. Dahl, Esquire**
Florida Bar No. 084109
**MORGAN, AKINS & JACKSON, PLLC**
*Attorneys for PrimeFlight Aviation Services, Inc.*
501 E. Las Olas Boulevard
Suite 300
Ft. Lauderdale, FL 33301
Phone: (754) 255-3010
Fax: (215) 600-1303
pdahl@morganakins.com
nstermer@morganakins.com
fileclerk@morganakins.com

10

IN THE CIRCUIT COURT FOR THE SEVENTEENTH JUDICIAL CIRCUIT
IN AND FOR BROWARD COUNTY, FLORIDA

ANDREA HOWARD-RINGE, an individual,

Plaintiff,

vs.

PRIMEFLIGHT AVIATION SERVICES, INC., Foreign Profit Corporation,

Defendant.
_______________________________/

CIRCUIT CIVIL DIVISION

CASE NO.: CACE-26-006732

NOT AN OFFICIAL COPY - CCE - ATTORNEY OF RECORD

**PRIMEFLIGHT'S ANSWER, AFFIRMATIVE DEFENSES AND JURY DEMAND**

Defendant, PrimeFlight Aviation Services, Inc. ("PrimeFlight"), by and through its attorneys, Morgan, Akins & Jackson, PLLC, states by way of answer to the "Complaint," filed by Plaintiff, Andrea Howard-Ringe ("Howard-Ringe"), as follows:

**PARTIES, JURISDICTION, AND VENUE**

> 1. This is an action for damages in excess of $50,000, excluding interest, costs, and attorney's fees, and is therefore within the jurisdiction of this Court.

**ANSWER:** PrimeFlight states only that Plaintiff has made a jurisdictional allegation for which no answer is required. To the extent that an answer is deemed necessary, PrimeFlight denies that Plaintiff is entitled to any recovery from it whatsoever and, therefore, denies the allegations, characterizations, and legal conclusions contained at paragraph 1.

> 2. Plaintiff, Andrea Howard-Ringe, is at all times relevant to this lawsuit, is over the age of 18, and is otherwise *sui juris*.

**ANSWER:** PrimeFlight lacks information sufficient to form a knowledge or belief as to the truth or falsity of the allegations contained at paragraph 2 and, therefore, neither admits nor denies same.

> 3. Defendant, PrimeFlight Aviation Services, Inc., is at all times relevant to this lawsuit a Foreign Profit Corporation authorized to do business in the state of Florida.

**ANSWER:** PrimeFlight admits the allegations contained at paragraph 3.

> 4. At all material times, Defendant conducted substantial business activities within Broward County in the State of Florida at Fort Lauderdale-Hollywood International Airport ("FLL"), located at 100 Terminal Dr, Fort Lauderdale, FL 33315, including providing wheelchair assistance services.

**ANSWER:** PrimeFlight admits that it is a foreign corporation that provides various services, including wheelchair assistance services, at various locations, including Fort Lauderdale-Hollywood International Airport. PrimeFlight denies the remaining allegations and characterizations contained at paragraph 4, as phrased.

> 5. Venue is proper in Broward County, Florida as the cause of action accrued within Broward County, Florida.

**ANSWER:** PrimeFlight states that paragraph 5 sets forth a legal conclusion rather than the allegation of any fact for which no answer is required. To the extent that an answer is deemed necessary, PrimeFlight states only that it is not contesting venue.

NOT AN OFFICIAL COPY – CCIS – ATTORNEY OF RECORD

## FACTUAL ALLEGATIONS

> 6. On or about April 21, 2025, Plaintiff was lawfully and innocuously present in the security screening que at FLL.

**ANSWER:** PrimeFlight lacks information sufficient to form a knowledge or belief as to the truth or falsity of the allegations contained at paragraph 6 and, therefore, neither admits nor denies same.

> 7. At that time and location and at all material times, an employee and/or agent of Defendant ("Employee"), was operating a wheelchair in the course and scope of their employment with Defendant.

**ANSWER:** PrimeFlight admits that it had personnel providing wheelchair assistance to passengers throughout the airport on April 21, 2025. As paragraph 7 does not identify either the employee, or providing any further details regarding which particular screening area or the time, PrimeFlight lacks information sufficient to form a knowledge or belief as to the truth or falsity of the remaining allegations, characterizations, and legal conclusions contained at paragraph 7.

> 8. Employee negligently, carelessly, and recklessly operated the wheelchair by pushing it at an excessive speed, without proper lookout, and without issuing any verbal warning to persons in the crowded queue.

**ANSWER:** PrimeFlight denies the allegations, characterizations, and legal conclusions contained at paragraph 8.

> 9. As a direct and proximate result of Defendant's negligence, the wheelchair operated by Employee forcefully struck Plaintiff, causing her to be violently propelled backward into a fixed metal pole and to the ground.

**ANSWER:** PrimeFlight denies the allegations, characterizations, and legal conclusions contained at paragraph 9.

> 10. The incident was foreseeable and entirely preventable – the Transportation Security Administration ("TSA") security queue at FLL is a high-density pedestrian area requiring heightened caution in the operation of mobility equipment.

**ANSWER:** PrimeFlight denies the allegations, characterizations, and legal conclusions contained at paragraph 10 as phrased.

> 11. At all material times, Defendant owed a duty to the public to property train, supervise, and oversee its wheelchair assistance personnel to ensure the safe operation of mobility equipment in crowded pedestrian environments.

NOT AN OFFICIAL COPY – CCIS – ATTORNEY OF RECORD

**ANSWER:** PrimeFlights admits all duties imposed by law. Further responding, PrimeFlight denies that paragraph 11 fully, accurately, or completely describes any duties due and owing by PrimeFlight, denies breaching any such duties due and owing to plaintiff and, therefore, denies the remaining allegations, characterizations, and legal conclusions contained at paragraph 11.

> 12. As a direct result of the incident, Plaintiff experienced significant pain, which persisted throughout her flight home and intensified thereafter.

**ANSWER:** PrimeFlight denies the allegations, characterizations, and legal conclusions contained at paragraph 12.

> 13. On or about April 22, 2025, Plaintiff was forced to miss work due to her injuries. Since that time, her condition has progressively worsened, materially impairing her ability to work and function.

**ANSWER:** PrimeFlight denies the allegations, characterizations, and legal conclusions contained at paragraph 13.

> 14. Because of the incident, Plaintiff has suffered from, and is currently suffering from, unbearable and debilitating pain, including in her shoulder, neck, back, hip, and buttocks, as well as headaches, anxiety, and depression.

**ANSWER:** PrimeFlight denies the allegations, characterizations, and legal conclusions contained at paragraph 14.

> 15. Because of the incident, Plaintiff has suffered lost wages and diminished quality of life, independence, and earning capacity, and will continue to incur same.

**ANSWER:** PrimeFlight denies the allegations, characterizations, and legal conclusions contained at paragraph 15.

> 16. Because of the incident, Plaintiff has incurred substantial past medical expenses and will continue to incur significant future medical costs.

NOT AN OFFICIAL COPY - CCIS - ATTORNEY OF RECORD

**ANSWER:** PrimeFlight denies the allegations, characterizations, and legal conclusions contained at paragraph 16.

> 17. Defendant's acts, omissions and/or negligence were the direct and proximate cause of Plaintiff's injuries and damages.

**ANSWER:** PrimeFlight denies the allegations, characterizations, and legal conclusions contained at paragraph 17.

**COUNT I – NEGLIGENCE**

> 18. Plaintiff repeats and realleges the allegations set forth in paragraphs 1 through 17 as if fully set forth herein.

**ANSWER:** PrimeFlight adopts and incorporates by reference its answer to paragraphs 1 through 17, above, as and for its answer to paragraph 18 of this Count I as though fully set forth herein.

> 19. At all material times, Defendant, owed a duty of reasonable care to Plaintiff and all others lawfully present in the TSA queue, and a duty to exercise a high standard of care and vigilance.

**ANSWER:** PrimeFlights admits all duties imposed by law. Further responding, PrimeFlight denies that paragraph 19 fully, accurately, or completely describes any duties due and owing by PrimeFlight, denies breaching any such duties due and owing to plaintiff and, therefore, denies the remaining allegations, characterizations, and legal conclusions contained at paragraph 19.

NOT AN OFFICIAL COPY – CCIS – ATTORNEY OF RECORD

> 20. At all material times hereto, Defendant, its employees, servants, and/or agents, breached the duties owed to Plaintiff in one or more of the following ways:
>
> a. Operating the wheelchair at an unsafe speed in a crowded area;
>
> b. Failing to maintain a proper lookout for pedestrians;
>
> c. Failing to give verbal or other warnings before proceeding through the queue;
>
> d. Otherwise acting in a careless and negligent matter under the circumstances.

**ANSWER:** PrimeFlight denies the allegations, characterizations, and legal conclusions contained at paragraph 20, including sub-paragraphs a. through d.

> 21. Defendant knew or should have known that its wheelchair assistance personnel operated in crowded and high-risk areas such as airport TSA queues, and that improper operation of wheelchairs in such areas posed a foreseeable risk of serious injury to passengers.

**ANSWER:** PrimeFlight denies the allegations, characterizations, and legal conclusions contained at paragraph 21.

> 22. As a direct and proximate result of Defendant's negligence, Plaintiff sustained severe and permanent injuries, past and future medical expenses, lost wages, loss of future earning capacity, and caregiving expense, and has suffered and will continue to suffer significant pain and suffering, disability, disfigurement, mental anguish, loss of capacity for the enjoyment of life, caregiving expenses, and other non-economic damages.

**ANSWER:** PrimeFlight denies the allegations, characterizations, and legal conclusions contained at paragraph 22.

WHEREFORE, Defendant, PrimeFlight Aviation Services, Inc., denies that Plaintiff is entitled to any recovery from it whatsoever and prays that this Court enters judgment in its favor and against the Plaintiff, Andrea Howard-Ringe.

**COUNT II – (Negligent Training, Supervision, and Retention)**

> 23. Plaintiff repeats and realleges the allegations set forth in paragraphs 1 through 17 as if fully set forth herein.

**ANSWER:** PrimeFlight adopts and incorporates by reference its answers to paragraphs 1 through 17, above, as and for its answer to paragraph 23 of this Count II as though fully set forth herein.

> 24. At all material times, Defendant, owed a duty of reasonable care to Plaintiff and all others lawfully present in the TSA queue, and a duty to exercise a high standard of care and vigilance.



NOT AN OFFICIAL COPY - CCIS - A TRUE COPY OF RECORD

**ANSWER:** PrimeFlights admits all duties imposed by law. Further responding, PrimeFlight denies that paragraph 24 fully, accurately, or completely describes any duties due and owing by PrimeFlight, denies breaching any such duties due and owing to plaintiff and, therefore, denies the remaining allegations, characterizations, and legal conclusions contained at paragraph 24.

> 25. Defendant had a direct and independent duty to properly train, supervise, and oversee its wheelchair assistance personnel, including Employee, to ensure their safe and competent operation of wheelchairs and other mobility equipment in airport environments.

**ANSWER:** PrimeFlights admits all duties imposed by law. Further responding, PrimeFlight denies that paragraph 25 fully, accurately, or completely describes any duties due and owing by PrimeFlight, denies breaching any such duties due and owing to plaintiff and, therefore, denies the remaining allegations, characterizations, and legal conclusions contained at paragraph 25.

NOT AN OFFICIAL COPY - CCIS - ATTORNEY OF RECORD

> 26. Defendant breached its duties by:
>
> a. Failing to property train its wheelchair assistance personnel on safe operational practices, including speed control, hazard awareness, and crowd navigation;
>
> b. Failing to implement and enforce adequate safety protocols for the operation of wheelchairs in high-density pedestrian areas such as TSA queues;
>
> c. Failing to adequately supervise and monitor the conduct of its wheelchair assistance employees;
>
> d. Negligently entrusting mobility equipment to personnel who were unqualified or inadequately trained to operate such equipment safely.

**ANSWER:** PrimeFlight denies the allegations, characterizations, and legal conclusions contained at paragraph 26, including sub-paragraphs a. through d.

> 27. Defendant knew or should have known that its wheelchair assistance personnel operated in crowded and high-risk areas such as airport TSA queues, and that improper operation of wheelchairs in such areas posed a foreseeable risk of serious injury to passengers.

**ANSWER:** PrimeFlight denies the allegations, characterizations, and legal conclusions contained at paragraph 27.

> 28. As a direct and proximate result of Defendant's negligence, Plaintiff sustained severe and permanent injuries, past and future medical expenses, lost wages, loss of future earning capacity, and caregiving expenses, and has suffered and will continue to suffer significant pain and suffering, disability, disfigurement, mental anguish, loss of capacity for the enjoyment of life, caregiving expenses, and other non-economic damages.

**ANSWER:** PrimeFlight denies the allegations, characterizations, and legal conclusions contained at paragraph 28.

WHEREFORE, Defendant, PrimeFlight Aviation Services, Inc., denies that Plaintiff is entitled to any recovery from it whatsoever and prays that this Court enters judgment in its favor and against the Plaintiff, Andrea Howard-Ringe.

NOT AN OFFICIAL COPY - CCIS - ATTORNEY OF RECORD

## AFFIRMATIVE DEFENSES

Without prejudice to its previous denials, and without waiving Plaintiff, Andrea Howard-Ringe's ("Howard-Ringe"), obligation to present evidence regarding the elements necessary to sustain any of her claims, Defendant, PrimeFlight Aviation Services, Inc. ("PrimeFlight"), states by way of its affirmative defenses, as follows:

1. PrimeFlight states that Howard-Ringe was guilty of negligence, and that her negligence was the sole, proximate cause or contributing cause of the damages complained of and that the recovery, if any, should be barred, or reduced proportionately pursuant to the doctrine of comparative negligence.

2. PrimeFlight states that Howard-Ringe's negligence was greater that 50% and, therefore, Plaintiff is not entitled to any recovery in this action. See Fla. Stat. § 768.81(6).

3. At the time and place alleged in the Complaint, Howard-Ringe was guilty of negligence and/or assumed the risk which proximately caused or proximately contributed to her

injuries and, therefore, any award to which she may be entitled should be either barred or reduced proportionately pursuant to the doctrine of comparative negligence.

4. PrimeFlight states that it is entitled to all setoffs and limitations of liability pursuant to the doctrine of comparative fault, including, but not limited to, the provisions of Florida Statute § 768.81.

5. Pursuant to applicable Florida Statutes, this Defendant is entitled to a credit or setoff in this action for any of Plaintiff's damages for which any collateral source benefits are paid or are payable.

6. This cause of action is governed by Florida Statute §627.7372 and/or Florida Statute §768.76 in that the Plaintiff has been reimbursed by one or more of the collateral sources enumerated in these Statutes.

7. This cause of action is governed by Florida Statute §768.0427 in that Plaintiff's damages are limited as provided for in the provisions enumerated in this Statute.

8. Plaintiff has failed to mitigate the damages claimed, and as such, Plaintiff's recovery, if any, should be reduced by the amount the damages complained of could have been lessened.

9. The sole or contributing proximate cause of the damages complained of was the intervening negligence or acts of others for whom this Defendant is not responsible.

10. Pursuant to *Fabre v. Marin*, 623 So. 2d 1182 (Fla. 1993), and Fla. Stat. §768.81, this Defendant reserves the right to place parties and non-parties on the verdict form at trial as potential joint tortfeasors, and said tortfeasors' fault is a causal or contributing factor with regard to the subject incident and/or led to damages allegedly sustained by the Plaintiff.

NOT AN OFFICIAL COPY - CCIS - ATTORNEY OF RECORD

11. Any injuries or damages alleged to have been sustained by the Plaintiff were preexisting, and/or caused by something other than the subject incident at issue in this case, and any corresponding medical treatment following said incident, was unrelated to the accident alleged in the Complaint.

12. Plaintiff's alleged injuries and damages are the result of incidents at other times and places over which this Defendant had no control, including, but not limited to, prior and subsequent accidents or incidents, so that Plaintiff is barred from recovery herein.

13. Certain medical expenses allegedly incurred by Plaintiff as a result of the accident referred to in Plaintiff's Complaint were submitted by or on behalf of the Plaintiff to Plaintiff's health insurance company and/or Medicare for payment, and as a result, payments were made at legally and/or contractually discounted rates and said payments have fully satisfied any legal obligations of the Plaintiff to pay the medical providers for such expenses. As a result, Plaintiff have not been damaged and may not recover to the extent of any legal and/or contractual discounts.

14. Plaintiff is only entitled to recover the reasonable value of medical care and services resulting from any alleged damages caused by the negligence of another and the reasonable value of medical care and services is limited to the amount accepted as payment in full for medical services by the person or entity that provided the Plaintiff with such services would substantially reduce the Plaintiff's right to recovery herein.

15. Defendant affirmatively states that Plaintiff's claims for incidental medical bills incurred as a result of the alleged injuries are exaggerated, unnecessary and unreasonable.

16. Further, Defendant relies upon any defenses it may have pursuant to Florida Statute Section 324.021, 768.31, 768.71 - 79, and 768.81. 19.

NOT AN OFFICIAL COPY - CCIS - ATTORNEY OF RECORD

17. Plaintiff's claims may be preempted in whole or in part by federal and/or state statutes and/or regulations, as well as multinational treaties.

18. PrimeFlight complied with all local, state, federal, and multinational regulations, laws, and treaties applicable to the facts of this matter at all times relevant hereto.

19. PrimeFlight hereby reserves the right, upon completion of its investigation and discovery, to file such additional defenses, affirmative defenses, counterclaims and/or third-party complaints as may be appropriate.

**JURY DEMAND**

PrimeFlight Aviation Services, Inc., demands a trial by jury of all issues so triable as of right by a jury.

July 16, 2026

Respectfully submitted,

*/s/ Patrick K. Dahl*

**Patrick K. Dahl, Esquire**
Florida Bar No. 084109
**MORGAN, AKINS & JACKSON, PLLC**
*Attorneys for PrimeFlight Aviation Services, Inc.*
501 E. Las Olas Boulevard
Suite 300
Ft. Lauderdale, FL 33301
Phone: (754) 255-3010
Fax: (215) 600-1303
pdahl@morganakins.com
nstermer@morganakins.com
fileclerk@morganakins.com

NOT AN OFFICIAL COPY - CCIS - ATTORNEY OF RECORD

## CERTIFICATE OF SERVICE

WE HEREBY CERTIFY that a copy hereof has been electronically served via Florida ePortal to: Aaron Polonsky, Esq., Nicholas Battaglia, Esq., Rosenfed Law Group, PLLC, 2719 Hollywood Blvd., #A-2086, Hollywood, FL 33021; apolonsky@therosenfeldlawgroup.com; nbattaglia@therosenfeldlawgroup.com; intake@therosenfeldlawgroup.com.

*/s/ Patrick K. Dahl*
**Patrick K. Dahl, Esquire**
Florida Bar No. 084109
**MORGAN, AKINS & JACKSON, PLLC**
*Attorneys for PrimeFlight Aviation Services, Inc.*
501 E. Las Olas Boulevard
Suite 300
Ft. Lauderdale, FL 33301
Phone: (754) 255-3010
Fax: (215) 600-1303
pdahl@morganakins.com
nstermer@morganakins.com
fileclerk@morganakins.com

NOT AN OFFICIAL COPY - CCIS - ATTORNEY OF RECORD

# 11

**IN THE CIRCUIT COURT OF THE 17TH JUDICIAL CIRCUIT IN AND FOR BROWARD COUNTY, FLORIDA**

CASE NO. CACE26006732

ANDREA HOWARD-RINGE,
an individual,

Plaintiff,

v.

PRIMEFLIGHT AVIATION SERVICES, INC.,
Foreign Profit Corporation.

Defendant.

________________________________________/

NOT AN OFFICIAL COPY - CC - ATTORNEY OF RECORD

**PLAINTIFFS' MOTION TO STRIKE DEFENDANT PRIMEFLIGHT AVIATION SERVICES, INC 'S AFFIRMATIVE DEFENSES**

Pursuant to Rule 1.140(b) of the Florida Rules of Civil Procedure, Plaintiffs by and through the undersigned counsel, respectfully moves this Court to strike Defendant, PRIMEFLIGHT AVIATION SERVICES, INC. ("Defendant")'s affirmative defenses and in support thereof states as follows:

## I. INTRODUCTION:

This action arises from the Complaint filed by the Plaintiff, against the above-named Defendant, on April 23, 2026, alleging damages for negligence against PRIMEFLIGHT AVIATION SERVICES, INC. Defendant PRIMEFLIGHT AVIATION SERVICES, INC. filed an amended answer with nine-teen (19) affirmative defenses on July 16, 2026. The Plaintiff hereby seeks an order of the Court striking nine-teen (19) of Defendant's Affirmative Defenses as improper as a matter of law.

## II. LEGAL STANDARD APPLICABLE TO AFFIRMATIVE DEFENSES

"An affirmative defense is a defense which admits the cause of action [asserted in the plaintiff's complaint], but avoids liability, in whole or in part, by alleging an excuse, justification, or other matter negating or limiting liability." MTGLQ Invs., LP v. Leones, 320

So 3d 769, 774 (Fla. 4th DCA 2021) (quoting State Farm Mut. Auto. Ins. Co. v. Curran, 135 So. 3d 1071, 1079 (Fla. 2014)). "Affirmative defenses do not simply deny the facts of the opposing party's claim. They raise some new matter which defeats an otherwise apparently valid claim." Wiggins v. Portmay Corp., 430 So 2d 541, 542 (Fla. 4th DCA 1983) (citations omitted); see also Wooten v. Collins, 327 So. 2d 795, 797 (Fla. 3d DCA 1976) (citation omitted) ("[Affirmative defenses are pleas of confession and avoidance. They admit the facts of the opposing party's complaint but raise some new matters which defeat the opposing party's valid claim"). Consequently, a mere denial of the allegations in a complaint cannot form the basis of an affirmative defense. See Catt V. Keyes Corp., 446 So. 2d 211, 212 (Fla. 3d DCA 1984); see also Natural Stone Concepts of Naples V. Gonzalez, 2021 Fla. Cir. LEXIS 5420, *1 (striking affirmative defenses, as "[m]ere denials are not appropriate in affirmative defenses and should be stricken") (citing id.); Zito v. Wash. Fed. Sav. & Loan Assoc., 318 So. 2d 175, 176 (Fla. 3d DCA 1975) ("[T]hat portion of the affirmative defense alleging that the note was not in default does not constitute an affirmative defense, but is merely a denial").

Under clearly established law, such arguments, while defensive in nature, do not constitute "affirmative defenses," which are limited to matters in the nature of a "confession and avoidance." See Moore Meats, Inc. v. Strawn, 313 So 2d 660, 661-662 (Fla. 1975) ("Every law student should learn that two classes of defensive pleas in bar exist. The first is a plea by way of traverse. This means a denial of an ultimate fact pleaded in the preceding pleading. The second class of defensive plea is one by way of confession and avoidance. All affirmative defenses are pleas by way of confession and avoidance. They admit the allegations of the plea to which they are directed and allege additional facts that avoid the legal effect of the confession.") (emphasis added); see also Vizcayans, Inc. v. City of Miami, 2013 Fla. Cir. LEXIS 19122, *8 ("[the affirmative defense] is not in the nature of confession and avoidance, but amounts to a denial. The defense is hereby STRICKEN").

The pleading requirements for an affirmative defense under Florida law are similar to those required for a pleading seeking affirmative relief. See Cady v. Chevy Chase Sav. & Loan, Inc., 528 So. 2d 136, 137- 38 (Fla. 4th DCA 1988). Therefore, like a complaint, an affirmative defense is required to allege ultimate facts establishing the Defendant's entitlement to relief under the legal principle involved, and an affirmative defense which alleges only legal conclusions is insufficient. In other words, "certainty is required when

NOT AN OFFICIAL COPY – CCFG – ATTORNEY OF RECORD

pleading defenses, and pleading conclusions of law unsupported by allegations of ultimate fact is legally insufficient." Thompson V. Bank of N.Y., 862 So. 2d 768, 771 (Fla. 4th DCA 2003) (quotation omitted); see also Bliss v. Carmona, 418 So. 2d 1017, 1019 (Fla. 3d DCA 1982); Walker v. Walker, 254 So. 2d 832, 833- 34 (Fla. 1st DCA 1971) ("Just as in the statement of a claim, the requirement of certainty will be insisted upon in the pleading of a defense"). Purported affirmative defenses that do not satisfy this test are properly stricken. See, e.g., Cady, 528 So. 2d at 137-38 (striking affirmative defenses where "[a] careful analysis of each of the affirmative defenses reflects that they are, on the whole, conclusory in their content, and lacking in any real allegations of ultimate fact demonstrating a good defense to the complaint").

## III. ARGUMENT

### 1. FIRST AFFIRMATIVE DEFENSE (COMPARATIVE NEGLIGENCE) MUST BE STRICKEN

Defendant's First Affirmative Defense alleges that Plaintiff was negligent and that such negligence was the sole or contributing proximate cause of her alleged damages. However, Defendant fails to allege any ultimate facts identifying any specific act or omission by Plaintiff constituting negligence. Instead, the defense consists solely of bare legal conclusions, which are insufficient as a matter of law. Defendant has failed to plead any factual basis supporting this defense. Accordingly, Defendant's First Affirmative Defense is legally insufficient and should be stricken.

### 2. SECOND AFFIRMATIVE DEFENSE (PLAINTIFF MORE THAN FIFTY PERCENT AT FAULT) MUST BE STRICKEN

Defendant's Second Affirmative Defense merely recites the provisions of section 768.81(6), Florida Statutes, and concludes that Plaintiff's negligence exceeded fifty percent. Defendant alleges no ultimate facts demonstrating how Plaintiff was more than fifty percent responsible for the subject incident. A mere statutory citation and legal conclusion do not satisfy Florida pleading requirements. Accordingly, Defendant's Second Affirmative Defense is legally insufficient and should be stricken.

NOT AN OFFICIAL COPY - CCIS - ATTORNEY OF RECORD

**3. THIRD AFFIRMATIVE DEFENSE (ASSUMPTION OF RISK) MUST BE STRICKEN**

Defendant alleges that Plaintiff assumed the risk and that such conduct contributed to her injuries. However, Defendant fails to allege any facts identifying the particular risk Plaintiff allegedly assumed, how Plaintiff voluntarily exposed herself to that risk, or any conduct supporting the application of this doctrine. The defense consists entirely of conclusory allegations without supporting facts. Accordingly, Defendant's Third Affirmative Defense is legally insufficient and should be stricken.

**4. FOURTH AFFIRMATIVE DEFENSE (COMPARATIVE FAULT / SETOFF) MUST BE STRICKEN**

Defendant alleges entitlement to setoffs and limitations of liability pursuant to section 768.81, Florida Statutes. This defense fails to identify any factual basis establishing Defendant's entitlement to any reduction or allocation of fault. Rather, it merely cites a statute and states a legal conclusion. Accordingly, Defendant's Fourth Affirmative Defense is legally insufficient and should be stricken.

**5. FIFTH AFFIRMATIVE DEFENSE (COLLATERAL SOURCE SETOFF) MUST BE STRICKEN**

Defendant alleges that it is entitled to a collateral source setoff pursuant to applicable Florida law. However, Defendant fails to identify any collateral source benefits allegedly received by Plaintiff, the amount of any such benefits, or any factual basis establishing Defendant's entitlement to a setoff in this action. Rather, Defendant merely asserts a conclusory legal entitlement without alleging sufficient ultimate facts to place Plaintiff on notice of the factual basis for the defense. Accordingly, Defendant's Fifth Affirmative Defense is legally insufficient and should be stricken.

**6. SIXTH AFFIRMATIVE DEFENSE (FLORIDA STATUTES §§ 627.7372 AND 768.76) MUST BE STRICKEN**

NOT AN OFFICIAL COPY - OCIC - ATTORNEY OF RECORD

Defendant alleges that Plaintiff's claims are governed by sections 627.7372 and/or 768.76, Florida Statutes. However, Defendant pleads no facts establishing the applicability of either statute. Moreover, section 627.7372 applies to motor vehicle negligence actions, whereas Plaintiff's claims arise from injuries allegedly sustained after being struck by a wheelchair operated by Defendant's employee in an airport security screening line. Defendant's conclusory statutory references, unsupported by factual allegations, render this defense legally insufficient. Accordingly, Defendant's Sixth Affirmative Defense is legally insufficient and should be stricken.

**7. SEVENTH AFFIRMATIVE DEFENSE (SECTION 768.0427) MUST BE STRICKEN**

Defendant alleges that Plaintiff's damages are limited pursuant to section 768.0427, Florida Statutes. However, Defendant fails to allege any ultimate facts establishing how the statute applies to Plaintiff's claimed damages or identifying the factual basis for the alleged limitation. A mere citation to a statute, without supporting factual allegations, does not constitute a legally sufficient affirmative defense. Accordingly, Defendant's Seventh Affirmative Defense is legally insufficient and should be stricken.

**8. EIGHTH AFFIRMATIVE DEFENSE (FAILURE TO MITIGATE) MUST BE STRICKEN**

Defendant alleges that Plaintiff failed to mitigate her damages but identifies no action Plaintiff failed to take, no conduct constituting a failure to mitigate, and no facts demonstrating how Plaintiff could have lessened her damages. Because the defense consists solely of legal conclusions unsupported by ultimate facts, Plaintiff is unable to adequately respond thereto. Accordingly, Defendant's Eighth Affirmative Defense is legally insufficient and should be stricken.

**9. NINTH AFFIRMATIVE DEFENSE (INTERVENING NEGLIGENCE) MUST BE STRICKEN**

NOT AN OFFICIAL COPY – CCIS – ATTORNEY OF RECORD

Defendant alleges that the damages were caused by the intervening negligence or acts of unidentified third parties. Defendant does not identify any person, entity, act, omission, or intervening event allegedly responsible for Plaintiff's injuries. The defense is entirely conclusory and fails to provide Plaintiff with fair notice of its factual basis. Accordingly, Defendant's Ninth Affirmative Defense is legally insufficient and should be stricken.

**10. TENTH AFFIRMATIVE DEFENSE (FABRE DEFENSE) MUST BE STRICKEN**

Defendant purports to reserve the right to place unidentified parties or nonparties on the verdict form pursuant to *Fabre v. Marin*, 623 So. 2d 1182 (Fla. 1993), but fails to identify any specific Fabre defendant or plead any facts demonstrating that any nonparty bears responsibility for Plaintiff's alleged injuries. Defendant has failed to identify any alleged nonparty tortfeasor or factual basis supporting this defense. Accordingly, Defendant's Tenth Affirmative Defense is legally insufficient and should be stricken.

**11. ELEVENTH AFFIRMATIVE DEFENSE (PREEXISTING CONDITIONS) MUST BE STRICKEN**

Defendant alleges that Plaintiff's injuries were preexisting or caused by something other than the subject incident. However, Defendant fails to identify any alleged preexisting condition, prior injury, medical diagnosis, or factual basis supporting this allegation. The defense is comprised entirely of legal conclusions. Accordingly, Defendant's Eleventh Affirmative Defense is legally insufficient and should be stricken.

**12. TWELTH AFFIRMATIVE DEFENSE (PRIOR OR SUBSEQUENT INCIDENTS) MUST BE STRICKEN**

Defendant alleges that Plaintiff's injuries resulted from prior or subsequent accidents or incidents but fails to identify any such incident, the dates thereof, the nature of any alleged injuries, or any facts connecting those incidents to Plaintiff's claimed damages. Without supporting factual allegations, this defense is legally insufficient. Accordingly, Defendant's Twelfth Affirmative Defense is legally insufficient and should be stricken.

NOT AN OFFICIAL COPY - OCIO - ATTORNEY OF RECORD

**13. THIRTEENTH AFFIRMATIVE DEFENSE (MEDICAL BILLING DISCOUNTS) MUST BE STRICKEN.**

Defendant alleges that Plaintiff's medical expenses were satisfied at discounted rates and that Plaintiff therefore cannot recover certain medical expenses. However, Defendant fails to identify any medical provider, health insurer, contractual adjustment, payment, or other factual basis supporting the defense. Rather, Defendant asserts only conclusory allegations without pleading sufficient ultimate facts. Accordingly, Defendant's Thirteenth Affirmative Defense is legally insufficient and should be stricken.

**14. FOURTEENTH AFFIRMATIVE DEFENSE (REASONABLE VALUE OF MEDICAL EXPENSES) MUST BE STRICKEN**

Defendant alleges that Plaintiff may recover only the reasonable value of medical care and services but fails to allege any facts identifying which medical expenses are allegedly unreasonable or the factual basis supporting its contention. Accordingly, Defendant's Fourteenth Affirmative Defense is legally insufficient and should be stricken.

**15. FIFTEENTH AFFIRMATIVE DEFENSE (EXAGGERATED MEDICAL BILLS) MUST BE STRICKEN**

Defendant alleges that Plaintiff's medical expenses are exaggerated, unnecessary, or unreasonable but alleges no facts identifying which treatment, provider, or medical expense is allegedly unnecessary or unreasonable. Conclusory allegations disputing Plaintiff's damages, without supporting ultimate facts, are legally insufficient. Accordingly, Defendant's Fifteenth Affirmative Defense is legally insufficient and should be stricken.

**16. SIXTEENTH AFFIRMATIVE DEFENSE (RELIANCE ON VARIOUS FLORIDA STATUTES) MUST BE STRICKEN**

Defendant generally purports to rely upon numerous Florida statutes, including sections 324.021, 768.31, 768.71 through 768.79, and 768.81, without identifying which statutory provisions apply, explaining how they apply to this action, or alleging any supporting facts. A blanket reservation of unspecified statutory defenses fails to provide Plaintiff with fair

NOT AN OFFICIAL COPY - CCIS - ATTORNEY OF RECORD

notice of the legal and factual basis for the defense and is legally insufficient. Accordingly, Defendant's Sixteenth Affirmative Defense should be stricken.

**17. SEVENTEENTH AFFIRMATIVE DEFENSE (FEDERAL AND STATE PREEMPTION) MUST BE STRICKEN**

Defendant alleges that Plaintiff's claims "may be" preempted by unspecified federal or state statutes, regulations, or multinational treaties. Defendant identifies no statute, regulation, treaty, or legal theory of preemption and alleges no facts supporting the applicability of any such authority to Plaintiff's claims. Speculative and conclusory allegations are insufficient to state an affirmative defense. Accordingly, Defendant's Seventeenth Affirmative Defense is legally insufficient and should be stricken.

**18. EIGHTEENTH AFFIRMATIVE DEFENSE (COMPLIANCE WITH LAWS AND REGULATIONS) MUST BE STRICKEN**

Defendant alleges that it complied with all applicable laws, regulations, and treaties. This allegation merely denies Plaintiff's claims of negligence and does not constitute a true affirmative defense because it introduces no new matter that would avoid liability if Plaintiff's allegations are otherwise proven. Accordingly, Defendant's Eighteenth Affirmative Defense is legally insufficient and should be stricken.

**19. NINETEENTH AFFIRMATIVE DEFENSE (RESERVATION OF RIGHT TO AMEND) MUST BE STRICKEN**

Defendant's purported reservation of the right to assert additional defenses following discovery is not an affirmative defense recognized under the Florida Rules of Civil Procedure. The Rules already govern amendment of pleadings, and a reservation of rights does not constitute an avoidance or affirmative defense. Accordingly, Defendant's Nineteenth Affirmative Defense is legally insufficient and should be stricken.

## IV. PLAINTIFF'S REQUEST

NOT AN OFFICIAL COPY — CCIS — ATTORNEY OF RECORD

**WHEREFORE,** Plaintiff, ANDREA HOWARD-RINGE, respectfully requests that this Honorable Court enter an Order striking Defendant PRIMEFLIGHT AVIATION SERVICES, INC.'s Affirmative Defenses, or alternatively, requiring Defendant to replead any legally cognizable affirmative defenses with sufficient ultimate facts establishing the factual and legal basis for each defense, and granting such other and further relief as this Court deems just and proper.

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that a true and correct copy of the foregoing was served upon all counsel of record via the Florida Courts E-Filing Portal on this 28th day of July, 2026.

Respectfully submitted,

**Rosenfeld Law Group, PLLC**
2719 Hollywood Blvd.
#A-2086
Hollywood, FL 33021
Tel: 754-764-1400
Fax: 954-272-8343
*Attorneys for Plaintiff*

By: /s/Nicholas Battaglia
Nicholas Battaglia
Florida Bar No. 1018467

Primary E-mail:
nbattaglia@therosenfeldlawgroup.com

NOT AN OFFICIAL COPY - CCIS - ATTORNEY OF RECORD

12

**IN THE CIRCUIT COURT OF THE 17TH JUDICIAL CIRCUIT IN AND FOR BROWARD COUNTY, FLORIDA**

CASE NO. CACE26006732

ANDREA HOWARD-RINGE,
an individual,

Plaintiff,

v.

PRIMEFLIGHT AVIATION SERVICES, INC.,
Foreign Profit Corporation.

Defendant.

________________________________________/

**PLAINTIFFS' CERTIFICATE OF COMPLIANCE PURSUANT TO FLA. R. CIV. P. 1280**

Plaintiff ANDREA HOWARD-RINGE, by and through undersigned counsel, hereby give notice that Plaintiffs served their Initial Disclosure as required by Rule 1.280(a), Florida Rules of Civil Procedure, on the below named parties via email service on September 11, 2026.

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on this 11th day of September, 2026, I electronically filed the foregoing with the Clerk of Courts by using Florida Courts E-Filing Portal which will send a notice of electronic filing to all parties of record and served the aforementioned disclosure responses and documents upon Patrick K. Dahl, Esquire (counsel for Defendant) via email at pdahl@morganakins.com, fileclerk@morganakins.com, and nstermer@morganakins.com.

**ROSENFELD LAW GROUP**
Attorney for Plaintiff
2719 Hollywood Blvd. #A-2086
Hollywood, FL 33020
Telephone: 754-764-1400
Fax: 954-272-8343

By: /s/Nicholas Battaglia
Nicholas Battaglia
Florida Bar No. 1018467

NOT AN OFFICIAL COPY - CCIS - ATTORNEY OF RECORD

Primary E-mail:
nbattaglia@therosenfeldlawgroup.com

Secondary E-mails:
dteran@therosenfeldlawgroup.com

NOT AN OFFICIAL COPY - CCIS - ATTORNEY OF RECORD